(Court of Common Pleas, Franklin County, Ohio.)

STRAIT v. ADY et al.

*Assignments of mortgages should be recorded.*

Where the assignee of a mortgage on real estate, fails to have the assignment recorded, and the mortgagee cancels the mortgage of record, the mortgage lien of such assignee will be postponed to the rights of subsequent bona fide purchasers, mortgagees, and assignees of mortgages, without notice of such assignment.

(Decided February 15, 1897.)

---

EVANS, J.

This case is submitted on the pleadings and briefs of counsel. The facts admitted in the pleadings show that on July 23, 1892, the defendant, Oliver Davie, executed and delivered to the defendant, Allen C. Ady, a mortgage on certain real estate to secure the payment of a promissory note for $1,875.0, payable in monthly installments of fifty dollars each. The mortgage was duly recorded. Afterwards Ady, for value, assigned and transferred the note and mortgage to the plaintiff, Milton W. Strait, but the assignment was not entered of record. Afterwards, on August 24th 1895, said Ady, without plaintiff's knowledge or consent, and with intent to defraud him, cancelled said mortgage on the margin of the record thereof.

On the 24th of April, 1895, said Oliver Davie and wife executed and delivered to the Fire Association of Philadelphia, their mortgage deed of that date, and thereby conveyed said premises to secure the note of said Oliver Davie for $3,500.00, payable to the order of The Fire Association of Philadelphia, in three years after that date. This mortgage was duly recorded. Before the note and mortgage were delivered to The Fire Association, the mortgage set forth in the petition was cancelled of record as above stated. Said Fire Association had no notice of said assignment to Strait of said former mortgage and the note secured thereby.

Subsequent to said cancellation, upon said 24th day of August, 1895, said Oliver Davie and wife executed and delivered to said Ady, their mortgage to secure two promissory notes of $500.00 and $1,315.00 respectively, payable to the order of said Ady, etc. This mortgage was duly recorded, but is subsequent to that of The Fire Association of Philadelphia. Ady assigned said notes and mortgage to Joseph C. Rodgers for value, and without notice of said assignment to plaintiff. This mortgage, by mutual mistake of the parties thereto, failed to describe the real estate covered by each of said former mortgages, and instead thereof described a different lot.

It is urged on behalf of the plaintiff, that Ady, by assignment of the mortgage to Rodgers, gave him only such rights therein as the assignor had, and that as the cancellation of the plaintiff's mortgage, by Ady, was fraudulent as between him and the plaintiff, that the plaintiffs' mortgage must prevail as against Ady's assignee, Rodgers. In support of this position, reliance is had on Bailey v. Smith, 14 Ohio St., 396; and Timmerman v. Howell et al. 2 O. C. C., 27.

In Bailey v. Smith, it is determined that a mortgage in the hands of a bona fide assignee thereof is subject to the same defenses by the mortgagor that he might have made against the mortgage; but the case does not go to the extent of deciding that a bona fide assignee of a mortgage takes subject to the antecedent equities of strangers to the mortgage.

Timmerman v. Howell et al., gives support to the position of plaintiff's counsel. In that case the circuit court concluded that a bona fide assignee of the mortgage was not entitled to the protection which the law affords to a bona fide purchaser, as appears by the reasoning of the court in the paragraph beginning near the bottom of page 34. But this conclusion is in conflict with the more recent decision of Holmes v. Gardner, 50 Ohio St.; 167. At page 178 of the opinion, Judge Dickman says: "No authorities have been brought to our notice by counsel in which the exact question before us has been considered, but the analogies are such that we think the same rule should be applied to the purchaser of property from a fraudulent grantee, and the assignee from a fraudulent mortgagee of an interest in the mortgage and note or debt thereby secured." And on page 175: "As a general rule, it is now well established that if a fraudulent grantee in a deed to defraud creditors, conveys the title to a bona fide purchaser for a valuable consideration, without notice, the conveyance is good as against the general creditors of the first grantor and in favor of the purchaser. The first grant will be purged of the fraud. * * * The same principles and reasons that govern in the conveyance of the property by a fraudulent grantee, may properly be extended to an assignment by a fraudulent mortgagee."

Holmes v. Gardner decides that the assignee of a note secured by mortgage on real estate may hold the mortgage security free from defenses which could be maintained against it in the hands of the assignor.

The statutes of Ohio, as amended April 6th, 1888, (Ohio L. Vol., 85, 284) authorize the assignment of a mortgage on real estate to be entered of record, although the assignment may not be witnessed or acknowledged. The case at bar is under the statute as thus amended. So that when the note and mortgage mentioned in the plaintiff's petition, were assigned to him, he had the right, under the statute, to have the assignment of the mortgage entered of record, and if he had caused it to be recorded, the record thereof would have been constructive notice of the assignment to subsequent purchasers and mortgagees. The statute afforded him the means of protecting his own interests and of giving notice to others who might be misled by the public records if he neglected to cause the assignment to be recorded. But the plaintiff did not cause the assignment to be entered of record, and the mortgagee, after having made the assignment to plaintiff, in fraud of the latter's rights, entered upon the record of the mortgage cancellation thereof, and the cross-petitioners, The Fire Association of Philadelphia and Joseph C. Rodgers, acting in good faith and without notice of said assignment to plaintiff, acquired their said mortgage rights, and the question arising on the facts admitted in the pleadings is whether the plaintiff's mortgage lien shall be held to be prior in right to the mortgage liens of said cross-petitioners. This question must be resolved in favor of the cross-petitioners.

Where the statute providing for the recording of mortgages authorize

the assignment of mortgage deeds to be recorded, and the assignment is duly entered of recorde, subsequent purchasers and mortgagees are charge-able with notice of the assignment; but if the assignment is not recorded when the recording thereof is authorized, and the record shows a cancellation of the mortgage by the mortgagee, the mortagge lien of such assignee will be postponed to the rights of subsequent bona fide purchasers, mortgagees or assignee of mortgage, without notice of the assignment. Ogle v. Turpin et al, 102 Ill. 148; Fisher v. Cowels, 41 Kans. 418; The Conn. Mut. Life Ins. Co. v. Talbot, 113 Ind. 373; Torrey v. Deavitt, 53 Vt. 331; Ladd v. Campbell, 56 Vt. 529; Jones on Mortgages, Sec. 820; Swartz v. Leist, 13 Ohio St. 419; Lea v. Wells, 12 O. C. C. 670; Holmes v. Gardner, 50 Ohio St. 167; Jones on Mortgages, Sec., 820.

If such assignee of the mortgage debt fails to cause an assignment of the mortgage to be recorded, he places power in the hands of the mortgagee to commit a fraud upon innocent parties, and must be postponed to the rights acquired by such parties in good faith and without notice. Torrey v. Deavitt, 53 Vt., 331.

Swartz v. Leist, 13 Ohio St. 419, was decided under legislation which did not authorize the assignment of a mortgage on real estate (unless sealed, witnessed and acknowledged) to be recorded. In that case there was no assignment of the mortgage, but the court followed the well settled rule that the assignment of the note secured by the mortgage carried to the assignee an equity in the mortgage security. The mortgagee after the assignment of the note, cancelled the mortgage of record, and sold and conveyed the mortgaged premises to Leist. The decision was in favor of Leist. Judge Scott, delivering the opinion of the court says: "The parties here are not equally faultless, and do not stand in equali jure. Swartz negligently or confidingly permitted Little, the mortgagee, to retain the legal title conveyed by the mortgage, and the power of control over it. Little had thus the legal power and ostensibly a perfect right to discharge and release it. Leist, the purchaser, having no reason to suspect fraud, was justified in regarding the release legally made by one who was ostensibly the proper party, as an effectual discharge of the lien, and as between these parties, he who unwisely reposed confidence in Little, and gave him the power to defraud, must suffer the consequences." Pages 424 and 425.

Reeves v. Haynes, 95 Ind. 521, was decided on a state of facts existing prior to the passage of a statute of that state authorizing assignments of mortgages to be recorded. The decision is in conflict with Swartz v. Leist. In Reeves v. Haynes, Elliott, J. delivering the opinion of the court, says: "If there had been a law authorizing assignments, a different question would face us." P. 524. In the Conn. Mut. Life Ins. Co., v. Talbot, 113 Ind. 373., Mitchell, C. J. says;: "It is settled everywhere that unrecorded assignments of mortgages are void as against subsequent purchasers * * * provided such assignments are embraced by the recording act." p. 377.

Thus far I have considered the mortgage executed by Oliver Davie and wife to Ady, and by him assigned to Rodgers, as covering the same premises embraced in each of said other mortgages.

The facts stated in Rodgers' cross-petition and admitted to be true, show that the mortgagors and mortgagee intended that lot 46 of a certain addition should be described in the mortgage, but that by mutual mistake of both parties a lot of a different number in the same addition was inserted. Rodgers in his cross-petition asks that this mistake be corrected, and the relief asked in this particular is granted.

The conclusion reached is, that as between said three mortgages, the

·funds arising from a sale of the mortgaged premises should be applied to. ·the payment of the said mortgage debts as follows:

1st. To that of the Fire Association of Philadelphia.

2nd. To that of Joseph C. Rodgers.

3rd. To that of Milton W. Strait.