# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1879.

### ANNA J HOWARD
v.
### LEWIS W. ROSS.

MORTGAGE—ASSIGNMENT MUST BE RECORDED.—The assignment to a purchaser of notes secured by mortgage creates no lien in his favor on the lands mortgaged. He obtains only an equitable interest in the mortgage, which a court of equity will enforce, so long as it can do so without injury to the rights of others, but if such assignee would protect himself under the mortgage from a fraudulent release by the mortgager, made for the purpose of securing another loan upon the land, he should take an assignment to himself of the mortgage, and place the same upon record.

APPEAL from the Circuit Court of Fulton county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed November 19, 1879.

Mr.J. S. WINTER, for appellant; that the release discharged the mortgage and barred all actions that might be brought thereon, cited Rev. Stat. 1877, 675, § 8; Baldwin v. Sager, 70 Ill. 503, 1 Jones on Mortgages, § 817; Olds v. Cummings, 31 Ill. 189.

The assignment of the notes carried only an equitable inter-

est in the mortgage: Edgerton v. Young, 43 Ill. 464; Walker v. Dement, 42 Ill. 272; White v. Sutherland, 64 Ill. 181.

The assignee should have placed an assignment of the mortgage on record: Edgerton v. Young, 43 Ill. 464, 1 Jones on Mortgages, § 820; 2 Washburn on Real Property, § 11; Rev. Stat. chap. 30, § 28; chap. 95, § § 88, 89; James v. Johnson, 6 Johns. Ch. 417; Vanderkemp v. Shelton, 11 Paige 28; James v. May, 2 Cow. 246; Campbell v. Vader, 1 Abb. 295; Mitchell v. Burnham, 44 Me.; Hutchins v. State Bank, 12 Met. 424; Ruggles v. Barton, 13 Gray 506; Fordich v. Barr, 3 Ohio St. 471.

One who purchases without notice of an equity is not affected by it: Moore v. Hunter, 1 Gilm. 317; Frost v. Bushman, 1 Johns. ch. 298; Boynell v. Broderick, 13 Pet. 436; 2 Washburn on Real Property 177.

A second mortgagee taking security on the land where the first mortgage appears released of record has the better title: 1 Jones on Mortgages, § 820; Bank of Indiana v. Anderson, 14 Iowa 544; Roberts v. Halsted, 9 Pa. St. 32; Farrett v. Smith, 23 N. Y. 252; Ely v. Schofield, 35 Barb. 330; Swartz v. Leist, 13 Ohio St. 419; Waldron v. Slocum, 19 E. L. & E. 111.

The time of delivery will be taken as the true date of a mortgage: Stanley v. Valentine, 79 Ill. 544; 1 Jones on Mortgages, § 87.

Messrs. BARRERE & GRANT, for appellee; that appellant having knowledge of the prior mortgage, and that some of the notes were not due by their terms, was bound to inquire whether the original mortgage was still held them, cited Kellogg v. Smith, 26 N. Y. 18; Purdy v. Huntington, 42 N. Y. 334; Brown v. Blydenburg, 7 N. Y. 141; Campbell v. Vedder, 40 N. Y. 174; Reman v. Buckmaster, 85 Ill. 403.

The assignee of notes secured by mortgage is not required to record the assignment: Walker v. Dement, 42 Ill. 272; Mott v. Clark, 9 Pa. St. 399.

Appellant is chargeable with knowledge of any fact of which the exercise of ordinary prudence and diligence must have ap-

prised her: Booth v. Barnum, 9 Conn. 286; Farrell v. Smith, 12 Pick. 87.

Knowledge of facts which, if traced, will lead to a knowledge of title, is sufficient to charge a purchaser with notice: City of Chicago v. Witt, 75 Ill. 211; Fardy v. Morgan, 3 McLean 358; Hall v. Hall, 8 Conn. 336; Russell v. Ranson, 76 Ill. 167.

As regards the rights of an assignee, special notice is unnecessary, if the party has knowledge of facts sufficient to put him upon inquiry: Anderson v. VanAllen, 12 Johns. 343; United States v. Sturgess, 1 Paine, 525.

Where the parties are equally in fault, the prior equity will prevail: Purdy v. Huntington, 42 N. Y. 336; Wing v. McDowell Walker, 175; Growing v. Behn, 10 B. Mon. 383.

In equity, cancellation of a mortgage upon the record is only *prima facie* evidence of its discharge: 1 Hilliard on Mortgages, 526; Robinson v. Sampson, 23 Me. 388; De St. Rones v. Blane, 20 La. An. 424.

A mortgagee has no power to release a mortgage after assignment: McCormick v. Digby, 8 Blackf. 99; Jones on Mortgages, §§ 474, 595; Wilson v. Kimball, 27 N. H. 300.

DAVIS, P. J. On the 25th of April, 1874, John Miller, being indebted to his brother Henry, executed to him three notes for five hundred dollars each, due in one, two and three years from the first day of January, 1875. On the same day, to secure these notes, John Miller and his wife executed to Henry Miller a mortgage on one hundred and sixty acres of land, which mortgage was properly acknowledged and recorded on the day of its date. On May 3d, 1875, Henry Miller sold and assigned these notes to Lewis W. Ross, and delivered them with the mortgage to Ross.

While these notes were unpaid, John Miller applied to appellant to borrow the sum of five hundred and twenty-five dollars. This amount she was willing to loan, provided she was well secured by mortgage on real estate.

The records were examined, and the mortgage from John to Henry Miller was found recorded. It was represented, how-

Howard v. Ross.

ever, that this mortgage was all paid except about one hundred and fifty dollars, which were to be paid out of the money to be borrowed, and the mortgage released. On the day it bears date, the following release was indorsed on the margin of the record of the mortgage, by the mortgagee:

"For and in consideration to me paid of the amount secured by the annexed mortgage, I hereby release and quit-claim to John Miller, by whom payment was made, the premises in said mortgage, and forever cancel and release and discharge the same of record.

"Dated the 28th of August, A. D. 1876, in the presence of John S. Wenter.

(Signed) "HENRY MILLER. [L. S.]"

Upon this mortgage being released, appellant loaned to John Miller the sum of five hundred and twenty-five dollars, and took his note for that amount, secured by a mortgage on the same one hundred and sixty acres of land embraced in the mortgage released.

The money loaned not having been paid at maturity, appellant instituted a suit against Miller and his wife to foreclose the mortgage thus given, and under the decree obtained in that proceeding, the land was sold and bid in for appellant on the 9th of February, 1878.

Appellee, not being a party to that proceeding, filed his bill in this cause to obtain a foreclosure of the mortgage which had been released of record by Henry Miller. He avers the execution of the three notes and mortgage, the assignment of the notes to him; the non-payment of the notes, and charges that John and Henry Miller and others conspired together to cheat appellee by cancelling the mortgage, and that the satisfaction of same was made at the instance and in the presence of appellant, and that she had notice of the incumbrance. These charges appellant in her answer denies, and, on the hearing, the court below found the equities to be with appellee, and decreed, among other things, that the mortgage executed by John Miller to Henry Miller to secure the three promissory notes for five hundred dollars each was a valid and subsisting lien on the land mortgaged, and that the mortgage be foreclosed and the

land sold unless the amount found due should be paid by a day named. To reverse the decree this appeal was taken.

There was some slight evidence which tended to prove that appellant had notice of the assignment of the notes to appellee when she loaned the money to Miller, but the preponderance of the testimony is that she had no notice whatever that the notes had been assigned or that they were unpaid, and it is established that she was a *bona fida* purchaser without notice, and both parties occupy the position of innocent persons, upon whom a gross fraud has been perpetrated and on one of whom the loss must fall.

The question presented by the record is whether the assignee of notes secured by mortgage is required to take an assignment of the mortgage and file the same for record to protect himself against a release of the mortgage by the mortgagee.

A mortgage is not assignable by the statute, or by the common law, so as to bar any defense which might avail the mortgagor in a proceeding to foreclose the mortgage by the assignee of the notes, yet it may be assigned by deed or otherwise, so that a record of that assignment would be a notice of the same to subsequent purchasers.

Revised Statutes of 1874, sec. 31, page 279; and our law expressly recognizes the assignment of mortgages, and the recording of such assignments in the provison which requires every mortgagee, his *assignee of record*, or other legal representative, having received satisfaction to enter such satisfaction upon the margin of the record of the mortgage. Same statutes, sections 8 and 9, page 712.

The assignment of the notes created no lien on the land mortgaged. The assignee obtained only an equitable interest in the mortgage, which a court of equity under certain circumstances will enforce, if it can do so without impairing the rights of others. White et al. v. Sutherland, 64 Ill. 186.

This equitable interest will be protected so long as the titles remain in the mortgagor and mortgagee.

When an examination of the record disclosed to appellant that the mortgage executed by John Miller to Henry Miller, had been paid and released, our registry laws protected her from

the equitable interest acquired by appellee by the assignment of the notes; to hold otherwise would be to recognize and give validity to secret liens, and render unsafe, investments in real estate which had at any time previously been covered by mortgage.

When, as in the case before us, the mortgagor and mortgagee combine to defraud the assignee of notes, we can think of no certain or reliable source of information, to which a purchaser or mortgagee could resort to ascertain the fraudulent character of a release entered of record. The sources usually resorted to were impure, and both the mortgagor and mortgagee were interested in deceiving, in order to insure the success of their fraudulent scheme. An application for the production of the discharged notes and mortgage could have been met with an excuse that they had been destroyed, and in this country, where it is not the custom of the people to preserve such written instruments after payment, no suspicion could reasonably have arisen in the face of the genuine release of the mortgage on record.

We think the assignee of notes secured by mortgage should take an assignment of the mortgage, and file the same for record as in the case of ordinary conveyances of land, in order to protect himself from a release of the mortgage by the mortgagee.

The decree of the court below must be reversed and cause remanded.

Decree reversed.