Girardin vs. Lampe, imp.

## GIRARDIN vs. LAMPE, imp.

*September 8 — September 25, 1883.*

RECORDING ACTS. *(1) To be constructive notice, record must show proper acknowledgment. (2) Case stated: Purchaser at foreclosure sale a bona fide purchaser.*

1. In order to be constructive notice to subsequent purchasers, the record of a deed or other instrument affecting the title to land must show upon its face that such instrument was so executed and acknowledged as to entitle it to be recorded.
2. A mortgage of land to W., after being duly recorded, was assigned to G. The record of the assignment did not show a proper acknowledgment thereof. Subsequently, by mistake and without authority from G., W. discharged and satisfied the mortgage upon the record. L., who was the holder of a mortgage subsequent to that of W., and who knew of the satisfaction but did not know of the assignment of that mortgage, purchased the land at a sale on the foreclosure of other mortgages also subsequent to that of W., and the deed to him was duly recorded. *Held,* that L. was a *bona fide* purchaser, and as such entitled to the protection of the registry laws as against the assignment to G.

APPEAL from the Circuit Court for *Iowa* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an action to foreclose a mortgage upon certain real estate.    The material facts are as follows:  On the 27th day of October, 1869, Michael Flynn executed and delivered his note for $100, payable one year after date, with ten per cent. interest, to the order of William Walker, and to secure the payment of said note he executed and delivered a mortgage to said Walker, mortgaging the lands in question.    Said mortgage was duly acknowledged and recorded in the office of the register of deeds of the proper county, October 28, 1869.    It was assigned by Walker to the plaintiff, February 2, 1878, and he alleges notice to the appellant *Lampe*, of the fact of such assignment.

" The defendant *Lampe* by his answer denies all knowledge of the assignment of said mortgage by Walker to the plaintiff, and alleges that on the 19th day of August, 1879, the said Walker, by his deed, duly executed and acknowledged, discharged and satisfied said mortgage, which discharge was entered upon the margin of the record; and that while the same so remained discharged upon the record, and without any knowledge of the assignment thereof to said plaintiff, he purchased said lands at a foreclosure sale thereof, in good faith, paying a valuable consideration therefor, to wit, the sum of $702.

" Upon the trial, to prove the assignment of said mortgage to the plaintiff before the satisfaction thereof by Walker, and before the purchase by the appellant *Lampe*, the plaintiff offered in evidence an assignment thereof in writing, dated February 2, 1878, duly executed and witnessed, and purporting to be acknowledged before one George Henry.    The original certificate of acknowledgment is signed ' Geo. Henry,' without any statement of his official character; but there is impressed thereon, a little to the left of the signature, a notarial seal of the said George Henry.    This assignment was placed upon the records of the county, and

on the back thereof is the certificate of the register of deeds to the following effect: 'Received for record this 2d day of February, A. D. 1878, at 7 o'clock P. M., and recorded in vol. 20 of Mortgages, on pages 153 and 4.

"'JAMES CLEMINSON, Register.'

"The appellant introduced in evidence the record of the assignment above set forth. This record, so far as the acknowledgment thereof was concerned, reads as follows:

"'*State of Wisconsin, Iowa County* — *ss.* On this 2d day of February, A. D. 1878, personally appeared before me William Walker, to me known to be the person described in the foregoing instrument, and acknowledged the execution of the above assignment for the uses and purposes therein mentioned.

[Signed]                              "'GEO. HENRY.'

"There is no indication upon the record that any notarial seal of said Henry was affixed to or impressed upon said assignment. The evidence clearly shows that *Lampe* had no notice that said assignment had in fact been made by said Walker to the plaintiff or to any other person, nor had he any notice, in fact, of the record of such assignment; and it also shows that he purchased the lands in good faith for the consideration of $702 at the foreclosure sale, believing at the time that said mortgage had been paid and satisfied. The only other material facts are that the foreclosure sale at which the defendant *Lampe* was the purchaser, was a foreclosure of mortgages which were given subsequently to the mortgage given to Walker, and after such mortgage was duly recorded; that *Lampe*, at the time he made the purchase, was also a mortgagee of the same premises by mortgage given subsequent to the mortgage of Walker and to the mortgages foreclosed in said action; and that the satisfaction of the Walker mortgage was made by the clear mistake of Walker, and without any authority from the plaintiff, his assignee."

From a judgment of foreclosure in favor of the plaintiff, the defendant *Lampe* appealed.

*J. P. Smelker*, for the appellant.

*A. McArthur*, for the respondent.

TAYLOR, J.   The only questions of law in the case, arising out of these facts, are — *First*, was the record of the assignment of the mortgage by Walker to the plaintiff constructive notice thereof to the defendant *Lampe?* and, *second*, if such record was not constructive notice to the defendant *Lampe*, is he entitled to the benefit of the registry act, and entitled to be protected as a *bona fide* purchaser, without knowledge of the plaintiff's ownership of the mortgage at the time the same was discharged of record by the mortgagee?

Upon the first point this court has, we think, clearly decided that, in order to be constructive notice to subsequent purchasers, the *record of a deed, or other instrument in writing*, which is entitled to be recorded by the laws of this state, affecting the title to real estate, must show upon its face that the instrument recorded was so executed and acknowledged as to be entitled to record; and if the record fails to show all the things necessary to entitle it to record, the record is of no effect as to those having no actual knowledge of its existence; and proof that the instrument was in fact so executed and acknowledged as to entitle it to record, does not change the effect to be given to the record.   *Ely v. Wilcox*, 20 Wis., 523–529; *Pringle v. Dunn*, 37 Wis., 449; *Wood v. Meyer*, 36 Wis., 308–313; *Gilbert v. Jess*, 31 Wis., 110.   These cases, and especially the case of *Pringle v. Dunn*, establish the rule that the record of a deed must show on its face that it was so executed and acknowledged as to entitle it to record, and this, we think, is the true rule. The statute provides that deeds, when executed and acknowledged as prescribed by law, may be recorded; and there is no authority for recording one not so executed and

acknowledged. Sec. 2232, R. S. 1878, reads as follows: "A certificate of the acknowledgment of any conveyance, or of the proof of the execution thereof before a court of record or justice of the peace, signed by the clerk of such court, or by the justice before whom the same was taken, and, in the cases when the same is necessary, the certificate required by section 2219, shall entitle such conveyance, with the certificates aforesaid, to be recorded in the office of the register of deeds of every county in which any of the lands lie."

This section clearly shows that the legislature intended that the acknowledgment or proofs of the execution of a deed should be spread upon the records, in order to make such record a valid record under the statute. If the record need not show a proper acknowledgment in order to render it constructive notice, then it need not show any acknowledgment at all. To allow the defect in the record to be corrected by the production of the deed itself would destroy the purpose of the recording acts. The recording act was made to protect purchasers of real estate, and every purchaser who invokes the protection of the record against purchasers in good faith and for a valuable consideration, must see to it that he has his deed so recorded as not only to show that it was perfectly executed, but that it was so acknowledged as to entitle it to record. Sec. 2241, R. S. 1878, provides, among other things, that "every conveyance which shall not be recorded as provided by law shall be void as against subsequent purchasers," etc. Under this section, *we think that a deed, to be recorded as provided by law*, must have recorded with it an acknowledgment or proof which shows that it is entitled to record. The record of a deed, or other conveyance of real estate, in order to be of any effect as notice to subsequent purchasers, must show — *First*, that the deed of which it purports to be a record was so executed as to make it a valid deed between the parties; and, *second*,

that it was so acknowledged as to entitle it to record. In this case there is nothing upon the record to show that George Henry, whose name is appended to the acknowledgment, was authorized to take an acknowledgment of a deed within this state, and is clearly within the case of *Ely v. Wilcox, supra*. And if the impression of his notarial seal upon the original certificate of acknowledgment was sufficient to show his authority to take the acknowledgment, it does not help the plaintiff's case.

That the defendant *Lampe* is a *bona fide* purchaser under the statute, and entitled to the protection of the registry laws, although a purchaser at a foreclosure sale, is settled by this court in the cases of *Ehle v. Brown*, 31 Wis., 405; *Rowell v. Williams*, 54 Wis., 636–639; *Fallass v. Pierce*, 30 Wis., 443; *Van Keuren v. Corkins*, 66 N. Y., 77. In the case of *Fallass v. Pierce* the point was the same as the one raised in this case. It is stated in the head-note thus: " P. mortgaged land to B., and the mortgage was recorded. B. assigned the mortgage to R., and the assignment was not recorded. B. then released the land by deed to P. (who knew of the assignment to R.), and this release was recorded; and thereupon P. conveyed to X., a purchaser in good faith, for value, who neglected to record his deed from P. until after the assignment to R. and also an assignment from R. to plaintiff's intestate, were recorded; said intestate having taken such assignment in good faith, for value. *Held*, that the deed to X., if recorded before the assignment of the mortgage, would have prevailed against the mortgage, under the recording act." In the case at bar, the defendant *Lampe* is in the situation of X. in the *Fallass Case*, and had his deed on record before the assignment of the plaintiff was properly recorded, and, having no notice in fact of the assignment, and purchasing in good faith and for value, he is protected under the recording acts.

It is urged by the learned counsel for the respondent that

because *Lampe* purchased at a mortgage sale, made upon the foreclosure of mortgages which were given subsequently to the recording of the plaintiff's mortgage, and because he was also a subsequent mortgagee, he should not be treated as a purchaser in good faith and for value. We do not see how these facts can change his *status*. It is probably true that the mere unauthorized satisfaction of the plaintiff's mortgage by his assignor after an assignment would not of itself give the subsequent mortgagees, who were such before the plaintiff's mortgage was satisfied, a lien prior to such assigned mortgage; and, as to such subsequent mortgages, the satisfaction could be set aside, and the mortgage foreclosed as a prior mortgage. This would be so held, upon the ground that the subsequent mortgagees were not prejudiced by such unauthorized satisfaction as to any rights they could justly claim, as against the person holding the first mortgage. In the case at bar the defendant *Lampe* has changed his *status* as subsequent mortgagee, and become the purchaser of the title of those who by the record appear to have a better title than plaintiff. He must be presumed to have relied upon their superior title when he became the purchaser at the foreclosure sale, and he takes all the title he would have taken had the mortgagor and mortgagees both conveyed by deed to him. See sec. 3169, R. S., as to the effect of a deed upon foreclosure sale. Had the defendant in good faith, and for value, purchased from the mortgagor or his grantee, while the plaintiff's mortgage appeared to have been satisfied upon the records, without notice of the assignment thereof to the plaintiff, there can be no doubt that he would take the property discharged of the plaintiff's mortgage, and we can see no reason why he should not be protected because he purchased at the mortgage sale. For anything appearing in the case, it cannot be presumed that he would have paid the sum of $702 for the mortgaged

premises at the mortgage sale, had he known that the plaintiff's mortgage was a subsisting lien on the land.

*By the Court.*— The judgment of the circuit court is reversed as to the appellant *Lampe*, with costs, and the cause is remanded for further proceedings.