PAUL FISHER *et al.* v. J. ROCKWELL COWLES.—J. ROCK-WELL COWLES v. PAUL FISHER *et al.*

1. TITLE *May be Litigated.* The question of adverse and paramount title may be litigated in an action to foreclose a mortgage. (*Bradley v. Parkhurst*, 20 Kas. 462.)

2. MORTGAGE — *Release* — *Lien* — *Bona Fide Purchaser.* Where a mortgage on real estate is executed to secure the payment of a negotiable note, and is duly recorded, and afterward released by the mortgagee in due form on the records, although when the release was executed the mortgagee had assigned and had no interest in either the note or mortgage, a *bona fide* purchaser of the land described in the mort-

gage will hold it freed from the mortgage lien, even though the note and mortgage are in the hands of an innocent holder, and wholly unpaid. (*Lewis v. Kirk*, 28 Kas. 497.)

3. ———— *No Constructive Notice.* The recording of an unacknowledged assignment of a mortgage will not impart constructive notice of such assignment; it is not an instrument authorized to be recorded, although it is made upon the back of the mortgage which had been duly acknowledged, certified, and recorded.

### *Error from Wilson District Court.*

ACTION brought by *Cowles* against *Fisher* and others, upon a promissory note, and to foreclose a mortgage given to secure its payment. The defendants, *Fisher* and two others, filed a general demurrer to plaintiff's reply, which the court overruled. This ruling they have brought here for review. Trial by the court at the May term, 1886, and judgment for defendants. The plaintiff brought the case here. The material facts appear in the opinion. By agreement of parties the two cases were submitted together.

*S. S. Kirkpatrick*, for plaintiff in error Cowles.

*Hutchings & Keplinger*, for defendants in error Fisher and others.

Opinion by HOLT, C.: This action was commenced by J. Rockwell Cowles, as plaintiff, upon a negotiable promissory note, and to foreclose a mortgage given to secure the same, on the north half of the southeast quarter and the south half of the northeast quarter of section 17, township 29 south, of range 16, in Wilson county. They were executed by Gertrude L. Webster, and the petition alleges that Paul Fisher, Benj. Seem, Mary Seem, *et al.*, set up some claim of ownership to the premises described in the mortgage, the precise nature of which is unknown to the plaintiff, but he avers that whatever said claim may be it is inferior to and subject to the claim of plaintiff. The defendants Fisher, Benj. Seem and Mary Seem in their answer, among other defenses, claim an interest in said land under a tax deed. In his reply, plaintiff Cowles avers that the tax deed is not valid; to this part of the reply

the defendants filed a general demurrer. They claim that in an action to foreclose a mortgage the mortgagee cannot compel a defendant other than the mortgagor to litigate the question of paramount title.

This matter has been discussed in the case of *Bradley v. Parkhurst*, 20 Kas. 464, and although the facts in that case are not exactly similar to this, yet we believe the rule therein announced should be extended to embrace this case, and upon that authority we believe the demurrer was properly overruled.

Afterward the case was tried in the Wilson district court, at the May term, 1886, by the court without a jury. The record discloses the facts to be as follows: On March 30, 1875, Gertrude L. Webster, the owner of the tract above described, gave her note and mortgage on said land to Wm. R. Cope for $1,000; December 21, 1877, she, being still the owner, executed a note and mortgage thereon for $1,500 to J. W. Stover, who sold them in the east and fraudulently appropriated the proceeds; Mrs. Webster received no consideration whatever for said note and mortgage. On March 15, 1878, said Stover entered upon the records of the register of deeds of Wilson county a full satisfaction and release of his mortgage; August 6, 1878, Cope commenced proceedings on his note and to foreclose his mortgage, and under a judgment obtained in that action forty acres of said tract were sold at sheriff's sale to Paul Fisher, on the 27th of June, 1879; on the 18th of October, 1878, Gertrude L. Webster executed to A. M. Buchanon a mortgage upon the remaining 120 acres of land for $800, in order to obtain money to pay the balance due on the Cope mortgage, and the money so obtained was used for that purpose; on December 6, 1879, Buchanon commenced his action to foreclose his mortgage, and on February 20, 1880, obtained a judgment thereon. J. W. Stover almost immediately after obtaining the note and mortgage from Gertrude L. Webster sold and assigned them to Joseph B. Eldridge, of the banking firm of Cowles & Eldridge, of New Haven, Conn., who had been in the habit of purchasing and negotiating mort-

gages procured by Stover.   Cowles & Eldridge sold and assigned this note and mortgage, and indorsed them to plaintiff, who was a farmer living in the vicinity of New Haven, Conn. As the coupons matured the plaintiff presented them to Cowles & Eldridge, who paid them, and then forwarded the coupons to Stover for collection, who paid them, Mrs. Webster believing that the note and mortgage to Stover had been destroyed. On August 3, 1880, an unacknowledged assignment of the Stover mortgage to plaintiff was recorded; this assignment was written on the back of the mortgage, and purported to have been executed by Stover on January 23, 1878.   October 4, 1880, the land was sold under the Buchanon foreclosure, and in due course the sale was confirmed and deed executed to Paul Fisher, one of the defendants in error, who had no notice of the assignment of the Stover mortgage, or of the record of such assignment, or that there was any infirmity in the release of that mortgage entered upon the record by Stover. Under this testimony, which is substantially undisputed, the court rendered judgment in favor of Paul Fisher, Benj. Seem, Mary Seem, *et al.*, for costs.   It is agreed by all parties that the tax deeds set up in defendants' answer are void.

We believe that so far as the forty acres of land purchased at the sheriff's sale in the case of Cope against Webster *et al.*, are concerned, the rule laid down in the case of *Lewis v. Kirk*, 28 Kas. 497, is applicable.   The facts are very nearly alike in both cases, and so far as the application of the rule is concerned there can be no possible distinction between that case and this one.   The plaintiff, however, claims that so far as the 120 acres which were sold under the Buchanan foreclosure are concerned, the purchaser had constructive notice by the record of the assignment of the mortgage, that Stover had made an assignment of the note and mortgage before he executed his release upon the records.   He executed his release upon the 15th of March, 1878, and the assignment to Cowles & Eldridge was made on the 23d of January, 1878; and from the records he claims that it is shown that at the time Stover made this re-

lease he had no interest whatever in the note and mortgage, and therefore it was void.

The provisions of the statute which govern in the recording of conveyances of land or any estate therein so far as they are applicable to this case, are as follows: Section 3, chapter 22, Compiled Laws of 1885, provides:

"Conveyances of land, or of any other estate or interest therein, may be made by deed, executed by any person having authority to convey the same, . . . and may be acknowledged and recorded as herein directed."

Section 11 is as follows:

"The court or officer taking the acknowledgment must indorse upon the deed a certificate, showing in substance the title of the court or officer before whom the acknowledgment is taken; that the person making the acknowledgment was personally known to the court, or to the officer taking the acknowledgment, to be the same person who executed the instrument, and that such person duly acknowledged the execution of the same."

Section 19 is as follows:

"Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved, or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of the register of deeds of the county in which such real estate is situated."

Section 21 is:

"No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

The owner and holder of a mortgage has an interest in the lands mortgaged, and this assignment was made for the purpose of conveying the same; it was not acknowledged and certified as provided by § 11, and therefore, so far as imparting notice by being spread upon the records, falls within the provisions of § 21. (*Wickersham v. Chicago Zinc Co.*, 18 Kas. 481.) The plaintiff claims, however, that this assignment was a part of the mortgage, and the mortgage having been duly

acknowledged, this as a part thereof was an instrument embraced within the provisions of the statute, and subject for record. This assignment was made January 23, 1878; the deed was executed December 21, 1877. The acknowledgment was the act and deed of Gertrude L. Webster; the assignment was executed by Stover. It was an act done by a different party, at another place, at a different time, for a different purpose, and the mere fact that it was an instrument of writing upon the back of the mortgage assigned would not make it a part of the same instrument. It being placed there gave it no greater validity for record than if made upon another paper. The law does not intend that such a paper shall be recorded, and therefore the spreading it upon the public records would not give constructive notice of its contents. As the assignment was not acknowledged as provided by § 11, it should not have been recorded; and being spread upon the public records without authority of law, it imparted no notice whatever. (See also *O'Neill v. Douthitt*, 40 Kas. 689, 20 Pac. Rep. 493.)

We recommend that the judgment of the court be affirmed, and that the costs in the case of *Fisher et al. v. Cowles* be paid by the plaintiffs in error in that case; all other costs be paid by the plaintiff Cowles.

By the Court: It is so ordered.

All the Justices concurring.