THE HARRISON NATIONAL BANK v. MARGARET PEASE.

**No. 451.**

.NOTES AND MORTGAGES — *Assignment — Unauthorized Release — Priorities.* Where a negotiable promissory note and a real-estate mortgage given to secure the payment of the same were transferred to plaintiff by an indorsement of the note and a delivery of both instruments, and where afterward the original mortgagee, with-out right or authority, released the mortgage on the margin of the record thereof, and on the same day received from the owner of the land a new mortgage for an increased amount, which mortgage was on the same day recorded and transferred to the defendant, .a *bona fide* purchaser, by an assignment written on the mortgage and by certain writing on the back of the note, *assigning* and .*transferring* the same, *held*, in a contest for precedence between

the two mortgage lien-holders, that the last-named note was assigned and not indorsed in the commercial sense, and that the assignee so far stands in the place of the assignor that she must prove that the release of plaintiff's mortgage preceded the filing of her own.

Error from Marion district court; LUCIEN. EARLE, judge. Opinion filed November 14, 1898. Reversed.

*King & Kelley*, for plaintiff in error.
*Keller & Dean*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by the plaintiff in error on a negotiable promissory note for $600 and a real-estate mortgage securing the same, dated December 1, 1885, both executed by J. C. Chandler and wife and delivered to Levi Billings, president, payee and mortgagee. Billings was president of the Cottonwood Valley Bank, of Cottonwood Falls, Kan., and this bank, being indebted to the plaintiff in error for borrowed money, transferred to the latter said note and mortgage, with other commercial paper, as collateral security for the payment of such indebtedness, by a blank indorsement of the note, signed by Billings as president, and by delivery of the note and mortgage. The mortgage had been duly recorded before the transfer, and no written assignment thereof was made. F. W. Fox purchased the mortgaged land from the Chandlers subject to the mortgage, which he assumed and agreed to pay. Before the maturity of that mortgage, and for the purpose of discharging the same and securing further funds, Fox and his wife gave to Levi Billings, president, their note and mortgage, dated February 1, 1888, and due three years thereafter, for the sum of $1000. This mortgage was

acknowledged, filed for record and recorded on February 3, 1888, and was mailed by Billings to the agent of the defendant in error on that day.   On the same day Billings entered a release of the Chandler mortgage on the records in the office of the register of deeds. Before mailing the note and mortgage to the defendant in error, Billings wrote on the back of the note the following words of transfer :

"For value received, —— hereby assign and transfer the within note and coupon, together with all —— interest in and right under the —— mortgage securing the same, to ——            LEVI BILLINGS, *Prest.*"

The mortgage was assigned in writing on the instrument by Billings to Mrs. Margaret Pease.

On the 14th day of January, 1890, plaintiff commenced this action to foreclose its mortgage, praying for personal judgment against the mortgagors and F. W. Fox.   Levi Billings, president, was joined as a party defendant, but no relief was asked for as against him except the foreclosure of the mortgage.   Margaret Pease was permitted by the court to file an answer as a party defendant in the action.   Several defenses were set up in her answer, but the essence thereof was the proposition that the lien of her mortgage was superior to that of the plaintiff's mortgage, and she asked the court so to declare.   Foreclosure of her mortgage was not prayed for.   Three judgments were rendered in the case at three successive terms of the court, the first two awarding foreclosure of plaintiff's mortgage and personal judgments against the mortgagors and Fox.   The judgment against Fox was reviewed in this court and affirmed. (*Fox v. Bank*, 6 Kan. App. 682, 50 Pac. 458.)   Finally a decree foreclosing defendant in error's mortgage and declaring the same a first lien on the mortgaged premises and

a personal judgment against Fox and wife in favor of the defendant in error were entered.

The case as presented to us involves a contest for precedence between the two mortgage lien-holders. The defendant in error has moved to dismiss these proceedings on account of the absence of Fox and others who were parties in the trial court. As the present parties have obtained separate judgments against Fox personally, and for foreclosure of their several mortgages, we are unable to discover in what way Fox will be affected by a reversal or modification of the judgment of the trial court with respect to the priority of the mortgage liens. The other omitted parties are clearly not necessary. The motion to dismiss is therefore overruled.

Nothing in the record tends to impeach the good faith of either of the mortgagees. The defendant in error relied on an abstract of title and the representations of Billings, as showing the land to be free from mortgage liens prior to that of the mortgage assigned to her by him. Neither she nor her agent knew the condition of the public records in respect of the mortgaged land. The abstract was very incomplete and contained no entry whatever as to the plaintiff's mortgage. The plaintiff had no notice or knowledge of the purported release of its mortgage by Billings until a few weeks before the commencement of this action. Billings acted without right or authority in releasing plaintiff's mortgage. The record thus presents the case of two innocent parties, one of whom must suffer loss on account of the fraudulent conduct of a third party. The defendant in error insists that this case is ruled by the decision in *Lewis v. Kirk*, 28 Kan. 497, while the plaintiff in error contends that the decision in *Insurance Co. v. Huntington*, 57 Kan. 744, 48 Pac.

19, governs.   There is an apparent conflict between those decisions, but it is not necessary for us to specify the points of difference, as we have reached the conclusion that the facts before us do not bring the case within the doctrine of *Lewis v. Kirk*, supra, and that the judgment of the trial court giving priority to the defendant in error's mortgage is erroneous.   The doctrine declared in the last-named case is very succinctly and clearly stated in a later case, *Fisher v. Cowles*, 41 Kan. 418, 21 Pac. 228, where the syllabus reads :

"Where a mortgage on real estate is executed to secure the payment of a negotiable note, and is duly recorded, and afterward released by the mortgagee in due form on the records, although when the release was executed the mortgagee had assigned and had no interest in either the note or mortgage, a *bona fide* purchaser of the land described in the mortgage will hold it freed from the mortgage lien, even though the note and mortgage are in the hands of an innocent holder, and wholly unpaid."

The doctrine thus declared in respect to a *bona fide* purchaser of mortgaged land under the circumstances of that case applies also to a *bona fide* subsequent mortgagee under similar circumstances. (*Fisher v. Cowles*, supra; *Jordan v. McNeil*, 25 Kan. 459.)   The governing principle in the cases of *Lewis v. Kirk* and *Fisher v. Cowles*, supra, is that the release of the mortgages by the mortgagees in whose names they stood of record *preceded* the completion of the transactions through which third parties in good faith became purchasers of the lands.   Applying that principle to the present case, it should affirmatively appear from the record before us that the release of the plaintiff's mortgage by Billings preceded the filing of the mortgage which he assigned to Mrs. Pease.   The record

fails to show which was prior in point of time, the release of the one or the filing of the other. The defendant in error relied on a defective abstract of title to the mortgaged premises and did not know what the public records set forth in respect thereto. This is probably immaterial, as both the parties hereto are presumed to have known what the records contained so far as this land is concerned.

If it be true that the Fox mortgage was executed by the mortgagors and delivered to Billings before the latter had actually released the plaintiff's mortgage, it follows that the defendant in error's mortgage was a second lien at the time of its execution and delivery. This is especially true in view of the fact that her mortgage note was assigned, and not indorsed in the commercial sense. It was held, in *Hatch v. Barrett*, 34 Kan. 223, 8 Pac. 129, that the writing on the back of a promissory note similar to the words of transfer used in the present case was not an indorsement in the commercial sense, and did not cut off the defenses of the maker of the note. It was further held that the words there employed must be treated as only an assignment of the note, and that the assignee stood in the place of the assignor and took simply the assignor's rights. We think it a reasonable and proper conclusion that Mrs. Pease so far stands in the place of her assignor that she must prove that the release of plaintiff's mortgage preceded the filing of her own. The record does not contain such proof, and for this reason the judgment must be reversed. In another trial the answer of defendant in error can be amended so that foreclosure of her mortgage will be prayed for.

The judgment of the district court will be reversed and the cause remanded for a new trial.