[Civil No. 1246.   Filed November 29, 1912.]

[128 Pac. 53.]

J. B. NEWMAN, GEO. R. HILL, WILLIAM M. STALLARD and ANNIE D. STALLARD, His Wife, Appellants, v. FIDELITY SAVINGS AND LOAN ASSOCIATION, a Corporation of California, Appellee.

1. MORTGAGES — ASSIGNMENT — NECESSITY OF RECORDING — NOTICE—STATUTORY REQUIREMENTS—"TRANSFER."—Civil Code of 1901, paragraph 735, provides that no instrument affecting real estate is valid against subsequent purchasers for value without notice unless recorded. Paragraph 1135 requires the record of "deeds, grants, transfers, and mortgages . . . which have been acknowledged," and paragraph 1136 requires every recorder to "keep . . . an index of assignments of mortgages, . . . assignors, . . . when and where recorded," and "an index of mortgages, . . . assignees, . . . when and where recorded." An assignor of a purchase money mortgage fraudulently released it of record upon a reconveyance of the property and later made a new mortgage to a mortgagee without

notice of the assignment, which was promptly recorded. The assignment of the original mortgage was not recorded until later. *Held,* that, as the word "transfer" in paragraph 1135 is broad enough to include assignments of mortgages, the lien of the assigned mortgage was junior to that of the prior recorded instrument.

2. MORTGAGES — ASSIGNMENT—COLLATERAL SECURITY — NECESSITY OF RECORDING.—While an indorsement of a negotiable note carries with it a mortgage collateral thereto, and a *bona fide* holder before maturity takes clear of all equities, in order to give such mortgage priority over subsequent liens, it must be assigned of record, where the registration laws require such recording in order to import notice.

3. EVIDENCE—PRESUMPTIONS—KNOWLEDGE OF LAW.—Every person is presumed to know the law's requirements, and a mistake as to such requirements will not excuse a failure to meet them.

4. MORTGAGES—RELEASE—AUTHORITY—PRESUMPTION.—There is a *prima facie* presumption that a mortgagee is the legal owner and holder of a mortgage, and, where he holds a recorded deed from the mortgagor, he must be presumed to act with authority in entering a release of such mortgage upon the record.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. E. W. Lewis, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The record in this case consists of an agreed statement of the case permitted by paragraph 1522, Civil Code, as amended by section 11 of chapter 74 of the Session Laws of Arizona, approved March 21, 1907. This action was commenced by the appellee as plaintiff against the appellants as defendants to foreclose a realty mortgage made to it by William M. and Annie D. Stallard. The appellants Newman and Hill were made defendants to the action because of some alleged adverse claim made by them to the property affected, viz., because they were alleged holders of a mortgage assigned to them; their assignment having been recorded subsequent to the recording of the mortgage in suit. On and prior to October 21, 1909, appellants Newman and Hill were the owners of the property; and they contracted to sell the same to William M. Stallard, and on November 11, 1909, made, and delivered a deed conveying the same to Stallard. Stallard immediately conveyed the property to one Sanford Jackson, and received as a part of the purchase price Jackson's nego-

tiable promissory note in the sum of $500 secured by a mortgage on the premises. The deeds from Newman and Hill to Stallard, and from Stallard to Jackson, and the mortgage from Jackson to Stallard were duly recorded. The Jackson note and mortgage to Stallard before maturity on January 17, 1910, were assigned to Newman and Hill in payment of a balance of the purchase price due them from him. The note was indorsed and delivered. The mortgage was assigned in writing duly acknowledged and delivered. The assignment of the mortgage was not recorded until long after the subsequent mortgage, sought to be foreclosed herein, was made and recorded. On February 1, 1910, Jackson reconveyed the property to Stallard. This deed was recorded. On the same date Stallard entered a release and satisfaction of the Jackson mortgage, on the margin of the record. On April 13, 1910, Stallard received a loan from the appellee, and as security mortgaged the property to it, which mortgage was promptly recorded. This is the mortgage sought to be foreclosed as a prior lien on the property, on account of default in payment of the note secured thereby. Stallard had no authority from Newman or Hill to release the mortgage, and Newman and Hill had no actual knowledge of such release nor of the mortgage to appellee, until about November 10, 1910, thereafter; and, when these facts became known to them on or about the said date, they recorded their assignment of the Jackson-Stallard mortgage. It does not appear when the Jackson note matured. The appellee had no actual or other knowledge of the assignment of the Jackson-Stallard mortgage to Newman and Hill, when the loan was made to and received by Stallard. It relied solely upon the state of the record showing a release and satisfaction of the Jackson mortgage. The priority of the mortgage lien of the appellee's mortgage, over the appellants' Newman and Hill mortgage, is the contested question. Upon the foregoing facts the trial court ruled the appellee's mortgage a prior lien, and gave judgment accordingly. The defendants Newman and Hill made a motion for a new trial, which was by the court denied, and thereupon they appealed to this court. They assign as error as follows: "The court erred in adjudging appellee's said mortgage to be prior and superior to appellants' said mortgage."

Mr. George R. Hill, for Appellants.

Mr. Neil M. Allred, for Appellee.

CUNNINGHAM, J.—The appellants base their argument for a reversal, in part, upon the premise that the release of the Jackson mortgage was a forgery. We do not deem it necessary to consider whether or not a falsification of a public record made under the circumstances disclosed by the record in this case is a forgery. We concede that the act of Stallard releasing the Jackson mortgage, while it and the note secured by it were assigned by him and in the possession of his assignees, was fraudulent, and deprives any person having knowledge of the fraud from reaping any benefits therefrom. The appellee does not fall within such class, however, as it is agreed that appellee had ''no knowledge of the assignment of the said mortgage at the time of making the loan, nor any knowledge whatsoever concerning the same, other than as disclosed by the records.'' Knowledge of the assignment would be essential to charge appellee with knowledge of the fraud in releasing the mortgage. Without the assignment in existence, no fraud could have been perpetrated by a release of a mortgage by the mortgagee.

The solution of the question does not depend upon the fraudulent act of Stallard releasing the assigned mortgage; but it depends upon notice of the existence of such assignment.

It is argued that the appellee had no actual notice of the assignment, and that the assignment was not of record when it acquired its lien on the property, and that the records disclosed, at the time the appellee made the loan and took its mortgage, that the Jackson mortgage had been regularly released by the mortgagee more than two months prior thereto.

Stallard, by his fraudulent release of the assigned mortgage, could not affect the rights of his assignees to enforce the mortgage lien, as between the parties to such contract of assignment. On the other hand, the appellee has the right to presume that public records speak the truth and to act thereon in all matters affected by instruments required by law to be recorded. If the law requires or provides for the recording of certain instruments, and they are not recorded, a

party searching the records is justified in concluding that no such instrument exists, and the law bears him out in the presumption.

Is the assignment of a mortgage such an instrument as the laws require to be recorded to charge persons dealing with the mortgaged property with notice of such assignment, is the question presented for our solution.

Paragraph 735, Civil Code of Arizona, provides: "No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies, as provided by law." The same statute has existed in Iowa since 1851, as section 1211 of the revision of that date. McClain's Ann. Code Iowa, sec. 3112. The only difference appearing is this: Instead of the words "as provided by law" in our code, in the Iowa code appear these words, "as hereinafter provided"—no difference in substance. The courts of Iowa have been frequently called upon to construe that section of their code in reference to assignments of mortgages; holding, in effect, that such assignment is an instrument affecting real estate and must be recorded in order to be valid against subsequent purchasers for value without notice, and that a mortgagee is such purchaser. *Bank of Indiana* v. *Anderson,* 14 Iowa, 545, 83 Am. Dec. 390; *Parmenter* v. *Oakley,* 69 Iowa, 389, 28 N. W. 653; *Livermore* v. *Maxwell,* 87 Iowa, 706, 55 N. W. 40; *Jenks* v. *Shaw,* 99 Iowa, 604, 61 Am. St. Rep. 256, 68 N. W. 900; *Central Trust Co.* v. *Stepanek,* 138 Iowa, 131, 128 Am. St. Rep. 175, 15 L. R. A., N. S., 1025, 115 N. W. 891.

The construction placed upon this statute by the courts of Iowa is very persuasive to us, but we are not left altogether to such persuasion. Paragraph 1135, Civil Code of Arizona of 1901, requires, upon payment of fees, to be recorded "deeds, grants, transfers and mortgages . . . which have been acknowledged," and paragraph 1136, Civil Code of Arizona of 1901, requires "every recorder must keep: . . . (10) An index of assignments of mortgages, . . . assignors, . . . 'when and where recorded.' (11) An index of assignments of mortgages, . . . assignees, . . . 'when and where recorded.'" Thus conclusively indicating the policy of the law is, that assignments of mortgages must be recorded as instruments af-

fecting real estate in order to protect the holder of such assignment against subsequent purchasers without notice. Although the statute does not in express terms use the words "assignments of mortgages," yet such requirement does appear by clear implication; also, the use of the word "transfer" in paragraph 1135, *supra,* is a word broad enough as therein used to include assignments of mortgages.   38 Cyc. 939.

A negotiable note passes by indorsement carrying with it the mortgage collateral thereto. A *bona fide* holder of a negotiable note before maturity takes it clear of all equities; but when a note is secured by a mortgage not assigned of record, where the registration laws require such recording, in order to import notice, and the mortgagee thereafter discharges it of record, and the property is purchased or money loaned thereon, by third persons relying upon such discharge, secured by a later mortgage or conveyance, the lien of such later mortgage or conveyance will take priority over the lien of the older mortgage. *Torrey* v. *Deavitt,* 53 Vt. 331; *Howard* v. *Ross,* 5 Ill. App. 456; *Bank of Indiana* v. *Anderson,* 14 Iowa, 544, 83 Am. Dec. 390; *Livermore* v. *Maxwell,* 87 Iowa, 705, 55 N. W. 37; *Connecticut Mut. L. Ins.* v. *Talbot,* 113 Ind. 373, 3 Am. St. Rep. 655, 14 N. E. 586; *Williams* v. *Jackson,* 107 U. S. 478, 27 L. Ed. 529, 2 Sup. Ct. Rep. 814; *Friend* v. *Yahr,* 126 Wis. 291, 110 Am. St. Rep. 924, 1 L. R. A., N. S., 891, 104 N. W. 997; *Merrill* v. *Hurley,* 6 S. D. 592, 55 Am. St. Rep. 859, 62 N. W. 958; *Merrill* v. *Luce,* 6 S. D. 354, 55 Am. St. Rep. 844, 61 N. W. 43; *Swasey* v. *Emerson,* 168 Mass. 118, 60 Am. St. Rep. 368, 46 N. E. 426; *Central Trust Co.* v. *Stepanek,* 138 Iowa, 131, 128 Am. St. Rep. 175, 15 L. R. A., N. S., 1025, case note, 115 N. W. 891.

The reason for the rule depends entirely upon the statutory enactments requiring the assignment to be recorded to import notice. Every person is presumed to know the law, and its requirements. A mistake as to the requirements of the law is no excuse for a failure to meet its requirements.

A mortgagee is presumed to be the legal owner and holder of a mortgage, and the evidence of the debt secured thereby, and, in the absence of actual or constructive notice to the contrary, the mortgagee holding a recorded deed from the mortgagor must be presumed to act with authority in entering a release of such mortgage upon the record. It is a fair

inference to be drawn from the record that the mortgage interest, or lien title, became merged in the superior title conveyed by the deed.

A *bona fide* encumbrancer without actual notice of the fraudulent release of a mortgage may absolutely rely upon the record, and will be protected by the record against the assignee of a prior mortgage, when the assignment has not been recorded until after the release has been entered by a person appearing authorized from the record to enter such release, by the express words of the statute (paragraph 735, *supra*) and the authorities above cited. When one of two innocent persons must suffer from the wrongs of a third person, that one who made the wrong possible must bear the burden, rather than the other who is without fault.

The express provisions of paragraph 735, *supra,* made the assignment of the mortgage void as to the appellee's mortgage, without notice, unless such assignment was recorded.

The judgment of the lower court is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to assignment of mortgage and its effect, see note in 14 Am. Dec. 512.