(No. 4859.  December 15, 1928.)

JOHN C. MILLICK, Appellant, v. P. C. O'MALLEY, Respondent, and JOSE FERNANDEZ, Cross-Appellant.

[273 Pac. 947.]

John W. Jones and Guy Stevens, for Appellant.

108

P. C. O'Malley, for Cross-appellant.

P. C. O'Malley, for Respondent.

BUDGE, J.—Rivas and Fernandez, co-owners of a tract of land, had given two mortgages covering the same to the Northwestern Hypotheekbank, and thereafter executed and delivered to one Scofield three promissory notes accompanied by another mortgage on the same property. Two of the notes were purchased from Scofield by Millick, and the mortgage securing their payment transferred to the latter. Scofield's mortgage had been recorded, but no written as-

signment thereof was given to Millick, and he did not place of record any assignment of the mortgage to him.

After the execution of the mortgage to Scofield, Rivas and Fernandez contracted to sell the property to Reay brothers and gave the latter a warranty deed which, it appears, was deposited in escrow pending performance of the contract including payment of four notes. The Reay brothers thereafter transferred their interest in the property to Rich & Company who later turned over to O'Malley a quitclaim deed to the property with the name of the grantee omitted. O'Malley then purchased the property from Fernandez, Rivas' whereabouts being unknown. Scofield had, meantime, executed a release of the mortgage given to him by Rivas and Fernandez, and the release was recorded by the representative of the Northwestern Hypotheekbank, holder of the first and second mortgages.

This action was instituted by Millick to foreclose the mortgage to secure the payment of the one note remaining due of those originally delivered to Scofield. Scofield and Rivas were made parties defendant, but service of summons was not had upon either of them. After trial, judgment was rendered denying foreclosure of the mortgage held by Millick and declaring he had no lien upon the premises, but awarding personal judgment against Fernandez in the sum of $750, together with interest, attorney fees and costs. Millick appeals from that part of the judgment denying foreclosure of his mortgage, and Fernandez appeals from the money judgment against him.

The court found, among other things, that O'Malley purchased the property in good faith and for a valuable consideration, without any knowledge of Millick's claim and without notice or knowledge of the transfer of the notes by Scofield to Millick and in reliance upon the recorded release of the mortgage by Scofield. It is appellant Millick's contention that it is unnecessary to obtain a written assignment of a mortgage and that no assignment thereof is required to be recorded under the registry laws of this state in order to protect the assignee as against subsequent pur-

chasers or incumbrancers of the mortgaged property; while respondent O'Malley asserts the law to be that where the assignee has not filed an assignment of record and the record shows a release of the mortgage by the mortgagee, subsequent purchasers or incumbrancers of the property in good faith and for value are protected against any claim of the assignee of an unrecorded assignment.

It is sufficiently established by the evidence that O'Malley had no actual notice of the transfer of the notes to appellant, and purchased the property in good faith, in reliance upon the recorded release of the mortgage. To uphold appellant's contention would be to decide that such a purchaser cannot rely upon a recorded release of a mortgage and must demand the canceled obligations.

A determination of the question of whether O'Malley was entitled to rely upon the record showing a release of the mortgage as against the undisclosed assignee of the notes, involves the consideration of several statutes and rules of law applicable to the facts. There is no question about the transfer of the notes carrying with them the security without there being a formal assignment thereof. This is a principle announced by many decisions and appearing in our code, C. S., sec. 6365. And as between the immediate parties, and a subsequent purchaser with actual notice, the assignee might have a perfect right to recover upon the security. But is such equity of the note holder superior to that of the innocent purchaser?

C. S., sec. 6363, provides that an assignment of a mortgage may be recorded in like manner as a mortgage, and such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor. This statute recognizes an assignment of a mortgage to be at least a proper instrument for record, as may also C. S., sec. 3634, covering numerous instruments subject to recordation, including "transfers and mortgages of real estate, release of mortgages," etc. It has been held that the use of the word "transfer" in the last section is broad enough to include assignments of mortgages. (*Newman v. Fidelity*

*Savings & Loan Assn.,* 14 Ariz. 354, 128 Pac. 53.) Appellant contends that under C. S., sec. 6363, the recording of an assignment of a mortgage operates as notice only to all persons subsequently deriving title to the mortgage from the assignor. In the well considered case of *Merrill v. Luce,* 6 S. D. 354, 55 Am. St. 844, 61 N. W. 43, the same contention was made under an identical statute, and the court answered that "it is more than probable that this particular section was designed to define the rights of persons purchasing the mortgage itself, and not the rights of those purchasing the premises covered by the mortgage."

The provisions of C. S., sec. 6363, are thought not to be exclusive, but merely additional to C. S., secs. 5424 and 5425, and these latter sections we believe to be controlling as applied to the facts herein. They provide that every conveyance of real property (embracing any instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or incumbered, or by which the title to any real property may be affected) is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded. It is held under similar statutes in most of the jurisdictions which have passed upon this question that an assignment of mortgage is within the word "conveyance" requiring the same to be recorded as against a subsequent purchaser of the property, and that when the assignee fails to put an assignment of record, the lien of the conveyance of the subsequent purchaser will take priority over that of the holder of the mortgage. (*Chase v. Commerce Trust Co.,* 101 Okl. 182, 224 Pac. 148; *Fisher v. Cowles,* 41 Kan. 418, 21 Pac. 228; *Harrison Nat. Bank v. Pease,* 8 Kan. App. 573, 54 Pac. 1038; *Stetler v. Winegar,* 75 Colo. 500, 226 Pac. 858; *Ames v. Miller,* 65 Neb. 204, 91 N. W. 250; *Burns v. Berry,* 42 Mich. 176, 3 N. W. 924; *Girardin v. Lampe,* 58 Wis. 267, 16 N. W. 614; *Marling v. Jones,* 138 Wis. 82, 131 Am. St. 996, 119 N. W. 931; *Henniges v. Johnson,* 9 N. D. 489, 81 Am. St. 588, 84 N. W. 350; *Bacon v. Van*

*Schoonoven,* 87 N. Y. 446; *James v. Newman,* 147 Iowa, 574, 126 N. W. 781; *Foss v. Dullam,* 111 Minn. 220, 126 N. W. 821; *Huitink v. Thompson,* 95 Minn. 392, 111 Am. St. 476, 5 Ann. Cas. 338, 104 N. W. 237; *Merrill v. Luce, supra; Newman v. Fidelity Savings & Loan Assn., supra.*)

As said in some of the decisions, such circumstances give rise to the equitable principle that where one of two persons must suffer from the wrongful act of a third, he must suffer who left it in the power of such third person to do the wrong. (*Henniges v. Johnson, supra; Newman v. Fidelity Savings & Loan Assn., supra; Williams v. Jackson,* 107 U. S. 478, 2 Sup. Ct. 814, 27 L. ed. 529; *Livermore v. Maxwell,* 87 Iowa, 705, 55 N. W. 37.) Appellant could have demanded a written assignment of the mortgage and filed the same of record, if he wished to affect subsequent purchasers with notice of his rights, but neglecting to do so, his equity must be held inferior to that of O'Malley, who purchased the property relying solely upon the record title, showing the property to be unincumbered by the previous mortgage.

The cases relied upon by appellant to sustain his view are either distinguishable as based upon different or narrower statutes, or are opposed to the great weight of authority.

Appellant having failed to establish a right to foreclose the mortgage against the respondent O'Malley, the mortgagor Fernandez contends that it was improper to enter personal judgment against him for the amount due on the note. He relies largely upon the case of *Berryman v. Dore,* 43 Ida. 327, 251 Pac. 757, and cases of similar import, to support him in this contention. While at first blush these citations might be thought to be in point, further examination discloses that most of them are based upon facts showing entry of release or satisfaction of the mortgage by the mortgagee as holder of the obligations, without the intervention of an assignee such as in this case. Aside from the rights of an innocent purchaser, it seems to be a settled principle that the wrongful release of a mortgage will

not discharge the debt as to the mortgagor, and the equity of such a holding is at once apparent. In this state it is the rule that if the plaintiff fails to establish his right to a foreclosure, by reason of failure or invalidity of the lien, he is entitled to a personal judgment against the debtor where he establishes a valid claim therefor. (*Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399; *Dover Lumber Co. v. Case*, 31 Ida. 276, 170 Pac. 108.)

There is yet one other point on which cross-appellant rests for a reversal of the personal judgment against him. He contends that the note in suit was materially altered by appellant, so as to preclude any recovery thereon. The note is a printed form, filled in by typewriting, and containing the signature of Fernandez as joint maker. When made it called for the payment of interest on the principal amount at the rate of "seven" per cent, but after the instrument came into the possession of appellant he wrote along the lower left side of it the words: "It is mutually agreed that this note draws 10% Int. from Jan. 1, 1921." The space wherein the notation was made constituted no part of the note, and being disconnected from the body of the instrument it forms no original part of it. The notation does not purport to be a part of the contract. It clearly shows that it was merely a memorandum having reference to some understanding outside of and subsequent to the delivery of the note.

"A promissory note is not materially altered by writing thereon a memorandum which is purely collateral to, and independent of, the promise or contract which it contains." 2 A. & E. Ency. L. 227.

See, also, *Prudential Trust Co. v. Coghlin*, 249 Mass. 184, 144 N. E. 283; *Lewis v. Blume*, 226 Mass. 505, 116 N. E. 271; *Clem v. Chapman* (Tex. Civ. App.), 262 S. W. 168.

The judgment as rendered by the trial court is affirmed; respondent O'Malley to recover costs, cross-appellant Fernandez to pay his own costs.

Wm. E. Lee, C. J., Givens and Taylor, JJ., and Hartson, D. J., concur.