Ly rton v. The Chicago, Rock Island & Pacific R'y Co.

1. **Practice on Appeal:** NEW TRIAL. It is seldom that this court interfers with the ruling of the court below in granting a new trial; and in this case, where there is at least considerable doubt whether the evidence justified the general and special verdict of the jury, *held* that the order of the lower court in granting defendant a new trial must be sustained.

*Appeal from Cass District Court.*

TUESDAY, JUNE 22.

ACTION to recover for personal injury. There was a trial to a jury, and a verdict was rendered for the plaintiff. The defendant filed a motion for a new trial, and the same was sustained. The plaintiff appeals from the order sustaining the motion for a new trial.

*Beard & Myerly*, for appellant.

*T. S. Wright* and *R. G. Phelps*, for appellee.

ADAMS, CH. J.—It is seldom that this court interferes with the ruling of the court below in granting a new trial, and we should not be justified in doing so except in a clear case. The motion for a new trial in this case was based upon a large number of grounds; and, if any one of these grounds was sufficient, the court did not err. The plaintiff, at the time of the injury, was acting as brakeman on the defndant's road. The train was being moved back to be coupled to a standing way car. The plaintiff went in between the moving train and the way car, effected the coupling, and attempted to step out, but slipped and fell, and his foot caught in the guard-rail. The train continued to move a few feet, and the plaintiff received the injuries of which he complains. The plaintiff's averment of negligence is that "the cars were carelessly and negligently run against and upon plaintiff." The jury found, substantially, that this averment was sustained.

While we are not prepared to say that there was absolutely no evidence tending to sustain it, we are impressed that the correctness of the finding is extremely doubtful. According to the plaintiff's own testimony, the train was moving back slowly, and at the proper rate of speed to enable him to effect the coupling. His complaint is that the train should have been stopped soon after the coupling was effected, and that this was not done. But it does not appear that the persons in charge knew, or could know, without being signaled, when the coupling was effected. The court may have regarded this

question of negligence as sufficiently doubtful to justify submitting it to another jury; and, if so, we do not think that we should be justified in interfering.

Again, the defendant averred that the plaintiff was guilty of contributory negligence in stepping upon snow and ice at the time he fell. The fact appears to be that an inclined plane of snow and ice had been formed by the side of the track, with the inclination towards the track; that the plaintiff had full knowledge of it, and stepped on it in attempting to step out from between the cars. It appears, also, that he might, though not quite as conveniently, perhaps, have gone in on the other side, where there was no such inclined plane, or he might have continued to walk between the cars, where he was, until they stopped, or until he came to a better place to step out, and that he would have incurred no especial danger in doing so, unless it was the danger of stepping into the guard-rail. It was a grave question as to whether the proximate cause of the accident was not the plaintiff's slipping on the snow and ice, and whether that was not due to his own fault.

·At the defendant's request, a special interrogatory was submitted as to this matter of slipping. The interrogatory was in these words: "Do you find that the plaintiff slipped from the snow and ice outside of the rails, back to the inside of the rails?" This interrogatory the jury answered by saying: "We do not know." The defendant moved for a new trial on the ground that the answer was contrary to the evidence. In our opinion, the court was justified in sustaining the motion upon this ground, if no other. We are not able to see how the jury was justified in making the answer which it did. The plaintiff testified in these words: "As the train moved back, I made the coupling, and took two or three steps along with the train, and then I went to step out. The platform being high there, I stepped upon the snow and ice, and slipped,—slipped back into the south end of the guard-rail." We do not say that the plaintiff was necessarily guilty of

contributory negligence in stepping upon the snow and ice as he did. But it seems to us that the jury perversely ignores the manner in which, according to the undisputed evidence, the accident happened.

We think that the order of the court in granting a new trial should be sustained.

AFFIRMED.