HARRY B. JAMES, SERENA H. JAMES, Appellants, v. JOHN NEWMAN, BEDA NEWMAN, G. W. VESPERS and MARY G. VESPERS, Appellees.

Mortgages: TRANSFER OF PROPERTY TO MORTGAGEE: GOOD FAITH PURCHASER: ASSIGNMENT OF MORTGAGE. Where the original mortgagee subsequently acquires full title to the property by a conveyance from the mortgagor the transaction amounts to a release of the mortgage, and an innocent purchaser from the mortgagee will take the property free from the lien of the mortgage as against a previous unrecorded assignment of the same, and unaffected by the question whether he had actual notice of the outstanding mortgage or -not.

Assignment of mortgages: INDORSEMENT ON MARGIN OF RECORD: CONSTRUCTIVE NOTICE. To constitute constructive notice of the assignment and transfer of a mortgage the assignment transferring the same must be signed, acknowledged, recorded and properly indexed as required by statute. But granting that constructive notice of the assignment thereof may be afforded by a notation of the transfer on the margin of the record of the mortgage, the burden rests upon one claiming under the assignment to prove the same in the same manner as other written instruments of evidence are proven, and to show that it existed upon the record prior to a transfer of the property to a good faith purchaser.

*Appeal from Appanoose District Court.*—HON. FRANK W. EICHELBERGER, Judge.

FRIDAY, JUNE 10, 1910.

ACTION in equity to foreclose a mortgage on real estate. Plaintiff is an assignee of the mortgage. Defense is made only by defendants G. W. and Mary G. Vespers, husband and wife. These defendants were not parties to the mortgage, but were subsequent purchasers of the mortgaged property from the mortgagee in alleged good faith and for full value and without notice of plaintiff's rights. There was a decree for the defendants, and the plaintiffs appeal.—*Affirmed*.

*H. E. Valentine*, for appellants.

*Fee & Fee*, for appellees.

EVANS, J.—The real estate involved was formerly owned by John Newman, who on July 10, 1894, executed a mortgage thereon for $400 to the Clark & Peatman Investment Company. The mortgage was duly recorded on July 19, 1894. As the mortgage now appears, it bears a written assignment by the Clark & Peatman Investment Company to Wm. M. James, purporting to have been made on July 10, 1894. This assignment, however, was neither acknowledged nor recorded. On March 1, 1895, the mortgagors, John Newman and wife, conveyed the property by warranty deed to the mortgagee, Clark & Peatman Investment Company, and thereupon the Clark & Peatman Investment Company conveyed the same property in like manner to the defendant Vespers. Vespers bought in good faith and paid a consideration of $800 therefor without any actual notice of any outstanding incumbrance against the premises. The interest on the mortgage was paid annually to James by some one other than Vespers up to January, 1906. The plaintiffs are executors of the estate of William M. James. There are other facts in the case which we will notice in a separate division of the opinion.

I.    The first question presented for our consideration is whether upon the facts above stated Vespers took the property discharged of the lien of the mortgage. It will

1. MORTGAGES: transfer of property to mortgagee: good faith purchaser: assignment of mortgage.

be noticed that he holds his title by direct conveyance from the mortgagee. Did such conveyance discharge the mortgage as to an innocent purchaser notwithstanding the fact that the mortgagee had previously sold and delivered the note and mortgage, and had no interest therein at the time of the conveyance, there being no record of the assignment? We think the point is fully covered by our previous decisions. It is ordinarily true that the mortgagor himself may not take advantage of the failure of an assignee to record his assignment of a mortgage, provided the assignee has possession of the original instruments. The mortgagor is entitled to a presentation and surrender of the original instruments as a condition of payment thereof, and this is ordinarily a sufficient protection to him against an unrecorded assignment. It is also ordinarily true that a subsequent purchaser of real estate may not complain of a failure of an assignee of a mortgage to record his assignment where the mortgage itself appears of record against the land. In such a case the purchaser being charged with notice of an outstanding mortgage, its present ownership is deemed immaterial until such owner is in some manner misled by a purported release or subsequent assignment by the original mortgagee. But it has uniformly been held by this court heretofore that, where the original mortgagee subsequently acquires the full title and conveys the same by warranty deed, such conveyance amounts to a release of the mortgage, and such purchaser may rely upon the apparent right of the mortgagee of record to so convey. Where an assignee of a mortgage fails to record his assignment, he takes the risk of dishonest dealing on the part of the mortgagee with subsequent innocent purchasers. *Jenks v. Shaw*, 99 Iowa, 604; *Bank v Ander-*

*son,* 14 Iowa, 544; *Central Trust Co. v. Stepanek,* 138 Iowa, 131; *Farmer v. Bank,* 130 Iowa, 469; *Livermore v. Maxwell,* 87 Iowa, 706; *Parmenter v. Oakley,* 69 Iowa, 338; *Bowling v. Cook,* 39 Iowa, 200. See, also, *Woodworth v. McCollum,* 16 N. D. 42 (111 N. W. 623). The reasons for the rule are fully discussed in the cited cases and it will serve no useful purpose that we repeat the discussion.

It is argued by appellant, however, that it appears from the testimony of Vespers that he knew nothing about the original mortgage, and that, therefore, he could not be injured by the failure of plaintiffs' testate to record his assignment. It appears that Vespers was an unlearned man, apparently without experience, and purchased the property without an abstract of title. He was manifestly incapable of forming any judgment of his own as to the state of the title he was purchasing, but relied wholly upon the assurances of others. He was assured that "There was nothing against it," and he relied upon such assurance. Such assurance could have been honestly given by any person who should examine the indexes, and ascertain that the only mortgage appearing against the property was one made to the present grantor as mortgagee. Vespers would not lose his status as an innocent purchaser simply because he was not himself versed in, or able to comprehend, the details of the title he was acquiring. The important ultimate fact to him was that he was buying a clear title. He was so assured. The assurance was justified upon the record. He was charged with constructive notice of the mortgage as a mortgage to his warrantor. The fact that he had no actual notice of it would not affect the status of either party. The argument urged by appellant would hold that, if Vespers had actual notice of the mortgage, he could stand before us as an innocent purchaser; but that, inasmuch as he had no actual notice, he was not an innocent purchaser. We do not deem the point well taken, and

we hold that he was an innocent purchaser, regardless of the question whether he had actual notice of the outstanding mortgage.

II. In addition to the facts already stated, there appears at the present time upon the margin of the record of the mortgage in suit the following: "For value received we hereby assign the within mortgage to William M. James. Clark & Peatman Investment Co. William Peatman, 9-24-94." It is argued by appellant that this purported assignment upon the margin of the record was equivalent to the recording of the assignment, and imparted constructive notice of such assignment. The discussion of appellant at this point deals with the interesting question whether an assignment of a mortgage may be so made upon the margin of the record of such mortgage as to impart constructive notice. The state of this record will not justify us in entering upon that question. That an assignment properly made upon a margin of the record of a mortgage would be sufficient actual notice to any person who saw the same may be conceded. Whether it should be deemed constructive notice as against all the world is a very different question. Assuming that it should be so deemed, the burden would still rest upon the plaintiff to prove the assignment in the same manner as any other written instrument of evidence. This alleged instrument as it appears upon the margin of the record was not acknowledged, and was therefore not self-identifying as an instrument of evidence. It purports to have been executed by William Peatman. What relation he sustained to the company or what authority, if any, he had, does not appear. No foundation was laid, nor was any preliminary proof offered, of the fact of the execution of this instrument as a basis for its introduction, and it was received into the record over proper objection by defendant. Still more serious for appellant is the fact that the record contains no evi-

2. ASSIGNMENT OF MORTGAGES: indorsement on margin of record: constructive notice.

dence nor offer of any, to show when this writing was actually made upon the margin of the record. The appellant relies upon the writing itself as proof of that fact. The writing itself does not purport to bear a date, unless the figures "9-24-94" following the name of William Peatman can be construed as such. This is the assumption of appellant's argument; it being assumed that such marginal entry was made on September 24, 1894. If such marginal entry can be deemed constructive notice, it was surely incumbent upon the plaintiff to prove by some proper evidence that it existed upon the record prior to March 1, 1895, and we think appellant has failed at this point.

Speaking, however, to the merits of the legal question here proposed, we may say that constructive notice as distinguished from actual notice is a creation of the statute, and is available to a party only in accord with the provisions of the statute. In order to impart constructive notice to third persons of any instrument of transfer by one person to another, the statute contemplates and requires that it be properly acknowledged by the parties, and that it be filed for record and spread upon the records of the county recorder, and that it be properly indexed. Code, section 2927 *et seq.* We know of no rule of law that would justify us in dispensing with these prerequisites to constructive notice. Appellant places reliance upon a remark contained in the opinion in the case of *Bank v. Anderson, supra,* wherein this method of assignment is suggested as a method whereby such assignment "must inevitably be seen by any one looking for incumbrances." This suggestion was manifestly intended to point out a way whereby actual notice could be imparted. There is no suggestion in the opinion that such method would impart constructive notice to one who had no actual notice. Appellant, also, relies upon the case of *Savings Bank v. Colby,* 105 Iowa, 424. This case, however, is not in point. In that case a mortgagee wrongfully obtained from the mortgagor new notes and mortgage

in satisfaction of a prior mortgage which the mortgagee had previously transferred and did not then own. The new notes so obtained were transferred by him to a national bank. Such national bank was forbidden by the law of its organization to take real estate as security. It did not, in fact, take the mortgage as security, but took the notes alone without any knowledge of the existence of the mortgage, securing the same, and therefore without any reliance thereon. It was held that it was in no position to challenge the first mortgage in the hands of its purchaser.

We think that the defendants, G. W. Vespers and wife, by their purchase, took the mortgaged property discharged of the lien of the mortgage. The trial court so held, and its decree is *affirmed*.