## No. 11,968.

FEDERAL ACCEPTANCE CORPORATION *v.* DILLMAN, ET. AL.

Decided December 5, 1927.

Action to recover possession of an automobile. Judgment for defendants.

### *Affirmed.*

1. SALES—*Chattel Mortgage—Equity.* Where the assignee of a note secured by chattel mortgage obtains the note before maturity, as between the immediate parties and subsequent purchasers with notice, the assignment of the note carries with it as an incident, the securing mortgage.

2.   *Mortgage—Innocent Purchaser.* Where the assignee of a note secured by chattel mortgage obtains the note before maturity, but neglects to secure and file for record a written assignment of the mortgage, his equity in the property is held inferior to that of a subsequent purchaser who procured it after the mortgage expired, relying solely upon the record.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. JOHN P. JAMES, for plaintiff in error.

Mr. THOMAS R. HOFFMIRE, for defendants in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE action is for recovery of possession of an automobile. A jury was waived by the parties and upon trial by the court the judgment was for the defendants. At the close of the evidence the trial court stated the issues and the grounds of its decision which, in the form of an opinion, are incorporated in the record and filed by the defendants as their answering brief. Therefrom it appears that the plaintiff corporation's claim of ownership is based upon its rights as assignee of notes given to the original mortgagee, the Harvey Motor Company, secured by a chattel mortgage thereon, the assignment of the notes being made about two months after the mortgage had expired. There was no separate assignment of the mortgage itself. The defendants' claim rests upon a title derived through several intermediate conveyances from the original mortgagee, the Harvey Motor Company, which mortgagee, through some deal with the mortgagor, later became the owner by purchase of the property from the mortgagor.

The trial court evidently concluded from all the evidence that it was not clear that the plaintiff corporation ever acquired the notes which the chattel mortgage secured. They were not offered in evidence and no reason was given for the failure to produce them at the hearing. It might be that the plaintiff's case for such failure was not made. The trial court, however, held, and apparently for such reason gave judgment for the defendants, that even if the plaintiff became the owner by purchase or otherwise of the mortgage notes from the original mortgagee, its failure to take and place on record, as it might have done, a written assignment of the chattel mortgage, its rights to the automobile are inferior to those of the defendants, who in good faith and without notice of plaintiff's rights and after the mortgage had expired, bought this automobile for a valuable consideration from the vendee of the original mortgagee.

The principle upon which the trial court acted has been thus expressed in one of our recent cases, *Moore v. Ellison,* 82 Colo. 478, 261 Pac. 461, wherein it is said: ''Where one of two innocent persons must suffer loss because of the fraudulent act of a third person, the law places the loss upon the one who put it in the power of the third person to commit the fraud.'' In *Stetler v. Winegar,* 75 Colo. 500, 226 Pac. 858, this court approved a decision of our Court of Appeals, in *Delta County Land & Cattle Co. v. Talcott,* 17 Colo. App. 316, 68 Pac. 985. We said: ''In the Talcott case it was held that a release deed by the private trustee of a trust deed comes within the meaning of our recording act, and where, as in the instant case, after the maturity of the note secured by a deed of trust, the private trustee executes to the owner of the equity a release deed, which is placed on record and which duly recites that it was executed at the request of the payee of the notes and in consideration of their payment in full, and when in fact the notes are not paid and the release is executed without the authority or knowledge of the holder of the notes, as be-

tween the holder of the notes and the owner of the equity of redemption, the release is fraudulent and void, yet one who purchases from the owner for value, without notice of the fact that the notes have not been paid, acquires a title free from the lien of the trust deed.''

Applying that doctrine to the case now before us, we say here when the mortgagee payee sold and assigned to a third person, before maturity the note which the mortgage was intended to secure, and the latter had the opportunity to demand and receive of him at the same time an assignment of the mortgage, which he was entitled to have placed on the public records, as between the immediate parties and subsequent purchasers with actual notice, the assignment of the note was sufficient to carry with it as an incident the securing mortgage. As in the Stetler case the assignee of this mortgage could have demanded a written assignment of the mortgage which he could have filed for record, and, if filed, it would be notice to all the world of his rights as the owner of the notes and the equitable owner of the mortgage, but he did not do so and we hold, since he neglected to avail himself of the permission afforded by the statute, his equity must be held inferior to the rights of the subsequent purchaser of the mortgaged property who relied solely upon the record title. The plaintiff corporation's grantor, through whom it derived its present title, might have taken a written assignment of the mortgage from the Harvey Motor Company and placed it on record, but it did not do so. The defendants here had no knowledge of this transaction, except such constructive notice as the record imparted. The Harvey Motor Company, mortgagee, after it had received title from the mortgagor of this automobile, held both the legal and equitable title. It transferred such title to the grantors of the defendants. The rights of the defendants are, therefore, superior to the rights of the plaintiff. It will be observed that in the Stetler case the rule was applied to a case of mortgage of real estate. The same principle applies to a

mortgage of chattel property. *Central Trust Co. v. Stepanek,* 138 Iowa 131, 115 N. W. 891, 15 L. R. A. (N. S) 1025, 128 Am. St. Rep. 175; *Farmer, Thompson & Helsell v. Bank of Graettinger,* 130 Iowa 469, 107 N. W. 170. See also, *Bowling v. Cook,* 39 Iowa 200; *James v. Newman,* 147 Iowa 574, 126 N. W. 781.

The judgment was right, and it is therefore affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.