## No. 11,931.

### CONRAD *v.* DAVISON.

Decided June 4, 1928.

Mr. M. M. Bulkeley, for plaintiff in error.

Mr. Louis Henke, Mr. S. S. Abbott, for defendant in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

Davison had a decree, on trial to the court, cancelling the release of a trust deed which secured a note held by him and foreclosing the trust deed, and defendant Conrad, who held a note secured by a later trust deed, brings error.

One Wray owned the SE¼ of section 34 in township 4, north range 44 west in Yuma county. October 14, 1918, he gave Mrs. J. H. Rogers a note and trust deed on said land for $800, due in five years. March 5, 1921, he conveyed the land to Floyd L. Hester, who gave back a note and trust deed for $1,400. March 24, 1923, the public trustee executed a release of the first trust deed which was acknowledged and recorded February 23, 1924. April 5, 1923, Davison sent his sister, who was the wife of Floyd L. Hester, $2,000 to pay the encumbrances against the land or to purchase them. (He testifies both ways.) She paid Mrs. Rogers the amount due on the first trust deed note, and Mrs. Rogers endorsed the note ''Pay to Floyd Davison or order, without recourse. Mrs. J. H. Rogers,'' and delivered it, with the trust deed, to Mrs. Hester, who then sent the note and trust deed to Davison and later gave him her note for the balance of the $2,000, i. e., for $1,200 without taking up the second trust deed.

June 25, 1924, Conrad took an assignment of the second trust deed and note as collateral to secure a note of Wray to him, believing the first trust deed had been lawfully released.

The position of the plaintiff in error is: (1) That the first note is paid, that it is shown to be paid by Davison's testimony that he sent the $2,000 to Mrs. Hester to pay

it, and that she paid Mrs. Rogers what was due; (2) that Conrad is an innocent encumbrancer for value having taken the first note while the release, which was a genuine release, actually executed and acknowledged by the public trustee, and actually requested by the original payee, remained of record and unquestioned.

The position of the defendant in error is: (1) That the note was not paid but purchased by him at its face value and endorsed to him accordingly; (2) that the plaintiff in error was not an innocent encumbrancer for value, because: (a) the note was taken as collateral to a prior existing debt, and (b) the record showed enough to put him on inquiry, since the release was dated before maturity of the note, and, though dated March 24, 1923, was not acknowledged or recorded till February 23, 1924.

As far as payment is concerned the evidence is conflicting and the findings are for plaintiff. We must say, therefore, that the note was not paid, but was purchased by plaintiff and endorsed to him.

The question of innocent purchaser is more difficult. The facts, alleged in the complaint, and, by a general finding, found by the court to be true, are that through "inadvertent misunderstanding" Mrs. Rogers signed a request to the public trustee to execute the release although the note had not been paid, and "through fraud and misrepresentation on the part of some unknown parties the said public trustee was induced to release the said trust deed while the same was still due and owing." The evidence was that Mrs. Hester came to the public trustee with the release bearing the signed request, and he signed the release and later, it does not appear when, acknowledged it. The release without payment was enough to avoid the release as between the holder and the maker of the note, or the owner of the premises, but Conrad had no actual notice of these things, and so, unless there was something on record to put him on inquiry, they will not avoid the release as to him. *Delta Co. L. & C. Co. v. Talcott*, 17 Colo. App. 316, 68 Pac. 985; *Stetler v. Winegar*, 75 Colo. 500, 226 Pac. 858.

It is claimed, however, that the fact that the release is dated before the maturity of the note is enough to charge him with notice. That would be the case if there were no authority to release given by the payee (*Stetler v. Winegar, supra; Harker v. Scudder,* 15 Colo. App. 69, 61 Pac. 197; *Kenney v. Bank,* 12 Colo. App. 24, 54 Pac. 404; *King v. Ackroyd,* 28 Colo. 488, 66 Pac. 906; *Perkins v. Adams,* 16 Colo. App. 96, 63 Pac. 792), but here the payee herself signed a request to the public trustee, stating that the indebtedness secured by the trust deed had been fully paid. Had not Conrad a right to rely on that statement?

The reason why the immaturity of the note puts one on inquiry is that there is a presumption that it is unpaid and the trustee has no power then to release without leave of the holder, but when the payee requests the release and asserts payment and no transfer is known, the reason for the presumption is gone. In the case of *Stetler v. Winegar, supra,* the note was secured by a mortgage. The mortgagee sold the note and afterwards released the mortgage and then Winegar bought the land innocently. We held his title to be free from the mortgage. We think the fact that the release in the present case bears a request with the genuine signature of Mrs. Rogers, the payee, makes the release equivalent to a release by a mortgagee. It is claimed that there is no proof of the signature of Mrs. Rogers, but the complaint alleges it. It should be noted also that we are not considering the case of a mere recital by the trustee of a request nor of one where the signature of the payee is not proved.

As to the fact that the release was not acknowledged or recorded for a long time after its date, such things often occur. Releases are often held awaiting a delayed payment. It would throw doubt on many titles if every purchaser must inquire about the genuineness of every release acknowledged and recorded after date.

It is settled in this state that a pre-existing debt is a sufficient consideration to maintain a bona fide purchase.

138

*Jerome v. Carbonate, etc., Bank,* 22 Colo. 37, 43 Pac. 215; *Knox v. McFarran,* 4 Colo. 586; *Teller v. Hill,* 18 Colo. App. 509, 518, 72 Pac. 811; *McMurtrie v. Riddell,* 9 Colo. 497, 13 Pac. 181; *Western Chemical Mfg. Co. v. McCaffrey,* 47 Colo. 397, 107 Pac. 1081; *Hallett v. Alexander,* 50 Colo. 37, 42, 114 Pac. 490. That question then is settled for defendant.

Judgment reversed with directions to enter a decree for defendant.

MR. JUSTICE BUTLER, MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS concur.