In re Alton Layce SMITH, Debtor.

Alton Layce Smith, Plaintiff,

v.

Bank of New York as Trustee for The Certificateholders of CWABS 2005–AB1, Defendant.

Bankruptcy No. 06–12289 HRT.
Adversary No. 06–1858 HRT.

United States Bankruptcy Court,
D. Colorado.

April 30, 2007.

James G. Anderson, Aurora, CO, for Debtor.

### ORDER GRANTING MOTION TO DISMISS

HOWARD R. TALLMAN, Chief Bankruptcy Judge.

This matter comes on for the Court's consideration of *Defendants* [sic] *Bank of New York Bank, N.A.'s Motion to Dismiss Plaintiff's Action with Prejudice Entitled "Adversarial Complaint and Request for Injunction Pursuant to Rule 7065"* (docket # 13) ["Defendant's Motion to Dismiss"] and Plaintiff's *Response to "Defendant's Motion to Dismiss Plaintiff's Action with Prejudice" and Plaintiff's Motion for Summary Judgment* (docket # 19) ["Plaintiff's Summary Judgment Motion"]. The Court has also considered *Defendant Bank of New York Bank* [sic] *as Trustee for the CertificateHolders of CWBS 2005–AB1's Response to Plaintiff's Motion for Summary Judgment* (docket # 20) ["Defendant's Summary Judgment Response"].

The Court will treat the Defendant's Motion to Dismiss as a motion for summary judgment because the motion includes exhibits extraneous to the pleadings. *See* FED. R. CIV. P. 12(b); FED. R. BANKR. P. 7012. The Court will grant Defendant's Motion to Dismiss and deny the Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

On March 25, 2005, Plaintiff Alton Layce Smith, along with Davia Lomax–Smith [the "Smiths"] purchased real property at 4168 S. Liverpool Street, Aurora, Colorado [the "Property"]. In partial payment for the Property, the Smiths executed an Interest Only Adjustable Rate Note [the "Note"] in the amount of $301,223.00 in favor of America's Wholesale Lender. To secure repayment of the Note, they executed a Deed of Trust naming as the beneficiary Mortgage Electronic Registration Systems, Inc. ["MERS"] as nominee for America's Wholesale Lender, its successors and assigns.

Just seven months thereafter, in October of 2005, foreclosure proceedings were commenced by the Defendant. Plaintiff filed his first bankruptcy case (05–53083 HRT) under chapter 13 on December 27, 2005, one day prior to the scheduled foreclosure sale. Under the proposed *Chapter 13 Plan*, filed in that case, the Plaintiff proposed to cure total arrearages to Countrywide Home Loans[1] in the amount of $18,000.00. On March 10, 2006, the Chapter 13 Trustee moved to dismiss the Plaintiff's case on the basis that he had made no payments to the Trustee in accordance with his proposed plan. The case was dismissed on March 28, 2006, and a subsequent motion to reinstate the case was denied by the Court.

The Plaintiff again filed for bankruptcy protection under chapter 13 on April 30, 2006 (06–12289 HRT). In the new *Chapter 13 Plan*, the Plaintiff proposed to cure arrearages to Countrywide Home Loans in the amount of $25,000.00. That plan was confirmed on July 3, 2006, but on July 7, 2006, the Chapter 13 Trustee filed a motion seeking dismissal of Plaintiff's chapter 13 case on the basis that he had failed to make any plan payments since the commencement of the new case. On July 14, 2006, Defendant filed a *Motion for Relief from Automatic Stay* with respect to the Property so that it could move forward with its foreclosure action. On July 30, 2006, the Plaintiff converted his chapter 13 case to a case under chapter 7. He did not oppose the Defendant's *Motion for Relief*

---

**1.** It appears that America's Wholesale Lender is a d/b/a of Countrywide Home Loans, Inc.

*from Automatic Stay* and, on August 8, 2006, the Court granted stay relief to the Defendant, allowing it to proceed with its foreclosure action.

The Public Trustee of Arapahoe County, Colorado [the "Public Trustee"], conducted a foreclosure sale of the Property on August 23, 2006. Defendant was the purchaser of the Property at that sale and was issued a Certificate of Purchase on that date. On November 6, 2006, after the seventy-five day redemption period had expired, the Public Trustee issued the Defendant a deed to the Property. This adversary proceeding was filed by the Plaintiff on October 24, 2006. The Plaintiff did not seek to stay the foreclosure proceedings by applying for a temporary restraining order, so the filing of this case had no effect on the foreclosure proceedings.

## II. DISCUSSION

### A. Defendant is the True Party in Interest

█ As an initial matter, the Court has examined the Note submitted by the Defendant with its Motion to Dismiss. The Note contains an indorsement by "Countrywide Home Loans, Inc., a New York Corporation, Doing Business as America's Wholesale Lender" and it is signed by David A. Spector, Managing Director. The indorsement does not designate an individual or an entity to which the Note is payable. As a consequence, after such blank indorsement, the Note became "payable to bearer" under CoLo.Rev.Stat. § 4-3–205(b). Defendant's Motion to Dismiss also contains a Certification of the Owner and Holder of the Evidence of Debt Pursuant to 38–38–101, C.R.S. [the "Certification"]. The Certification is notarized and attests to the fact that the Defendant is the holder of the original evidence of debt in connection with the March 25, 2005, Deed of Trust on the Property.

The allegations of fact in the Plaintiff's pleadings are based on the theory that the Defendant was not the true party in interest with respect to the Deed of Trust and was, therefore, not legally entitled to foreclose on the Property. However, Plaintiff has not challenged the genuineness of the exhibits attached to Defendant's Motion to Dismiss. Nor has Plaintiff come forth with evidence that calls into question the information contained in those exhibits. Therefore, the Court finds, from the undisputed evidence before it, that Defendant was the holder of the Note at the time it commenced proceedings to foreclose its security interest in the Property.

Plaintiff complains that there are no documents recorded with the Clerk and Recorder of Arapahoe County that evidence Defendant's security interest in the Property. But a Deed of Trust securing repayment of the Note was recorded on April 1, 2005, just seven days after the Note and Deed of Trust were executed by the Smiths. The beneficiary of the Deed of Trust is MERS. The Deed of Trust states that MERS functions as a nominee for the original lender and for the original lender's "successors and assigns." Thus MERS is the designated nominee for whoever the Note is assigned to. The evidence shows that the Note was assigned to the Defendant, therefore, with respect to the Deed of Trust, MERS functioned as the nominee for the Defendant.

█ Moreover, under Colorado law, a deed of trust securing repayment of a debt instrument is an incident to that debt instrument. The Colorado Supreme Court has said:

> The law of this state, following the decisions of the Supreme Court of the United States, is that the transfer or assignment of a negotiable promissory note carries with it as an incident the mort-

gage upon real estate or chattels given to secure its payment. *Stetler v. Scherrer*, 75 Colo. 500, 226 P. 858, 859 (1924). More recently, that court noted that

> In the context of discussing the requirements for a transfer between the parties to the transaction, commentators observe: "Between the parties to a transfer the assignment or negotiation of the note itself is all that must be done. It is unnecessary to have any separate document purporting to transfer or assign the mortgage on the real estate, for it will follow the obligation automatically."

*Columbus Investments v. Lewis*, 48 P.3d 1222, 1226 n. 4 (Colo.2002) (en banc) (quoting 1 Grant S. Nelson & Dale A. Whitman, Real Estate Finance Law, 429 (4th ed.2001)).

Accordingly, evidence that the Note itself has been indorsed in blank and that the Defendant is the holder of that Note is sufficient evidence of the Defendant's interest in the Deed of Trust. Whether or not Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, executed any separate assignment of the Deed of Trust to the Defendant is not relevant because proof that Defendant is the holder of the Note is conclusive as to Defendant's interest in the Deed of Trust.

*B. Plaintiff Lacks Standing to Bring a Cause of Action Under 11 U.S.C. § 544*

■ Having established that Defendant did hold a lien in the Property at the time that it caused the lien to be foreclosed, the Court will address the sufficiency of *Plaintiff's Adversarial Complaint and Request for Injunction Pursuant to Rule 7065* [the "Complaint"] to state a cause of action. Plaintiff purports to proceed under 11 U.S.C. § 522(h) and 11 U.S.C. § 544. He seeks to utilize the Chapter 7 Trustee's avoidance powers to avoid Defendant's lien on the theory that Defendant never possessed a perfected lien in the Property.

As the Court explained above, it finds that Defendant did have a recorded lien in the Property prior to the foreclosure sale and that casts doubt on the ability of the trustee or anyone else to avoid the Defendant's lien. But Plaintiff fails to state a cause of action on a more fundamental ground. He lacks standing to bring his Complaint.

■ Section 544 confers the avoidance powers enumerated therein only upon the trustee. Nonetheless, § 522(h) does allow a debtor to use the trustee's avoidance powers under a very narrow set of circumstances. It states

> The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—*
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (emphasis added). Critical to whether or not a debtor may utilize § 522(h) to avoid a transfer of property is the question of whether "the debtor could have exempted such property under subsection (g)(1)." Section 522(g)(1) states

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property un-

der subsection (b) of this section if such property had not been transferred, if-

(1)(A) *such transfer was not a voluntary transfer of such property by the debtor;* and

(B) the debtor did not conceal such property . . .

11 U.S.C. § 522(g)(1) (emphasis added). The Ninth Circuit has synthesized the interaction of §§ 522(h) & 522(g)(1) this way:

Section 522(h) allows the debtor to avoid certain transfers of exempt property. The debtor must meet five conditions in order to do so: (1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g).

*In re DeMarah,* 62 F.3d 1248, 1250 (9th Cir.1995). The Plaintiff here strikes out on the very first of those requirements. He is seeking to avoid a voluntary transfer and he may not avoid such a transfer under § 522(h). It is undisputed that the Smiths voluntarily granted America's Wholesale Lender a Deed of Trust in the Property in order to secure the Note. The Defendant later became the holder of the Note and the secured party with respect to the associated Deed of Trust. Thus, § 522(h) does not confer standing on this Plaintiff to bring an action seeking to avoid this voluntary transfer of a lien. The Court need not address the remaining four *DeMarah* factors because all five of those factors must be present in order for the Plaintiff to be able to utilize the Chapter 7 Trustee's avoidance powers by authority of § 522(h). Therefore, it is

**ORDERED** that *Plaintiff's Motion for Summary Judgment* is DENIED; and it is further

ORDERED that *Defendants* [sic] *Bank of New York Bank, N.A.'s Motion to Dismiss Plaintiff's Action with Prejudice Entitled "Adversarial Complaint and Request for Injunction Pursuant to Rule 7065"* is GRANTED; and it is further

**ORDERED** that this adversary proceeding is DISMISSED.