FILED
United States Court of Appeals
Tenth Circuit

November 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMIE H. PATRICK; BARBARA L.
PATRICK,

          Plaintiffs-Appellants,

v.

BANK OF NEW YORK MELLON;
LAW OFFICE OF MICHAEL P.
MEDVED, P.C.; JIM D. VENTRELLO,
in his personal and official capacity,

          Defendants-Appellees.

No. 12-1108
(D.C. No. 1:11-CV-01304-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Jimmie H. Patrick and Barbara L. Patrick, appearing pro se, appeal from the

district court's entry of summary judgment in favor of defendants. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

The Patricks, who are husband and wife, owned property in Cedaredge, Colorado, which is in Delta County. On March 28, 2005, they refinanced the property by executing an Adjustable Rate Note (Note) for $385,000 and a Deed of Trust, both in favor of Cornerstone Mortgage Company (Cornerstone). The Deed of Trust was recorded in the Delta County Clerk and Recorder's Office on April 4, 2005, and re-recorded there on August 5, 2005.

Years later, after the Patricks had stopped making payments on the Note, defendant Bank of New York Mellon (BNYM), through defendant Law Office of Michael P. Medved, P.C. (Medved), initiated foreclosure proceedings on the property secured by the Deed of Trust. The dispute is whether BNYM was the holder of the original Note when it commenced the foreclosure proceedings. Those proceedings began on February 16, 2010, when BNYM submitted documents to defendant Jim D. Ventrello, the Public Trustee of Delta County. One of those documents was a Notice of Election and Demand for Sale by Public Trustee (NED), and another was a Certification by Qualified Holder (CQH). Both documents identified BNYM as the qualified holder or current owner of the original Note. In 2005, the Note had

apparently been placed into a trust (the CWALT Trust). BNYM's predecessor in interest was the Trustee.[1]

On March 15, 2010, BNYM, again through Medved, filed a motion in state district court under Colorado Rule of Civil Procedure 120 seeking authorization to sell the property subject to the Deed of Trust. On April 12, the state district court authorized Mr. Ventrello to sell the property.

The Patricks filed for bankruptcy on May 15, 2010. One of the liabilities listed in their petition was the Note. The bankruptcy court sent notice of the automatic stay under 11 U.S.C. § 362(a) to BNYM, Medved, and Mr. Ventrello.

On June 28, the originating lender, Cornerstone, executed an Assignment of Deed of Trust (Assignment) that assigned to BNYM the "Deed of Trust and note secured thereby" along with all interests in the Deed of Trust. R. at 729. Like the NED and the CQH, the Assignment noted that BNYM was formerly known as the Trustee of the CWALT Trust. BNYM recorded the Assignment in the Delta County Clerk and Recorder's Office on July 21, 2010, while the Patricks' bankruptcy remained pending.

On August 31, 2010, the bankruptcy court granted BNYM's motion for relief from the automatic stay to foreclose on the property secured by the Deed of Trust. On February 22, 2011, after the Patricks' bankruptcy proceeding was completed,

---

[1]    The NED and CQH indicated that BNYM was formerly known as "The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-36 Mortgage Pass-Through Certificates, Series 2005-36." R. at 85, 669.

- 3 -

BNYM, again through Medved, re-submitted the NED to Mr. Ventrello, who set a sale date in June 2011. On October 12, 2011, during the pendency of this action, the property was sold at a nonjudicial foreclosure sale.

Meanwhile, the Patricks filed this action on May 18, 2011. They claimed that defendants (1) made fraudulent misrepresentations regarding whether BNYM was the holder of the original promissory note; (2) violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA); (3) engaged in a civil conspiracy to unlawfully deprive the Patricks of their property; and (4) violated the automatic bankruptcy stay in 11 U.S.C. § 362(a) by recording the Assignment. They sought declaratory relief and damages.

The defendants each filed a motion to dismiss, which the magistrate judge converted to motions for summary judgment, and the parties were invited to submit all relevant evidence. The conversion order noted that "[a] pivotal issue, if not the pivotal issue, in this case is whether [BNYM] is the holder of the Note." R. at 641. Because Medved had stated in its motion to dismiss that it had held the original Note as bailee for BNYM since the initiation of the foreclosure proceedings (and had attached a copy of the original Note to its motion), the magistrate judge ordered Medved to present the original Note at a February 15, 2012 hearing on the converted motions. The magistrate judge also ordered the Patricks to show cause why the court should not find their case groundless and frivolous if Medved presented the original Note.

At the hearing, Medved presented an Adjustable Rate Note purporting to be the original Note signed by the Patricks. The proffered note contained three undated indorsements: (1) from Cornerstone to Countrywide Document Custody Services, A Division of Treasury Bank, N.A, (CDCS); (2) from CDCS to Countrywide Home Loans Inc. (Countrywide); and (3) in blank from Countrywide. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone." Colo. Rev. Stat. § 4-3-205. [2] Medved also presented a letter dated March 3, 2011 (some two months before the Patricks filed this action), which it had sent to the Patricks informing them that it held the original Note as bailee for BNYM and that the Patricks were welcome to have a document examiner inspect it at Medved's office. According to the magistrate judge's Report and Recommendation (R&R):

> Mr. Patrick reviewed [the Note] and testified that he 'couldn't tell' if he had signed it, 'couldn't verify yes or no,' 'doesn't know for a fact' whether he signed it, he 'could have signed it' – 'that is a possibility,' and that it appears to be his signature, but he does not know if it is his; he is 'suspicious' of it, and has 'strong doubts' that it is his signature based upon information he received from an 'expert' concerning the lengthy trail the Note had followed. He testified that he would need an expert to examine it to clarify that it is the original.

---

[2]     There is no dispute that Colorado law applies to the Patricks' state law claims.

- 5 -

R. at 1157. The magistrate judge noted that Mrs. Patrick offered similar testimony regarding her signature.[3]

In his R&R, the magistrate judge first concluded that judgment should be entered in favor of Mr. Ventrello on the state-law tort claims because the Patricks did not file a Notice of Claim against him as required by the Colorado Governmental Immunities Act, Colo. Rev. Stat. § 24-10-109(1).

The magistrate judge next determined that the Patricks had offered nothing but speculation, conjecture, and surmise regarding the Note's authenticity. Further, the magistrate judge pointed out that discovery was closed and that the Patricks had failed to have an expert review the Note that was in Medved's possession during the nearly one-year period from Medved's March 3, 2011 letter to them and the February 15, 2012 hearing. The magistrate judge concluded that "[t]he bulk of plaintiffs' case thus fails as a matter of law," R. at 1160, reasoning as follows:

> In Colorado, a promissory note is a negotiable instrument and is freely assignable. § 4-3-104, C.R.S. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. See § 4-3-201, C.R.S.; Smith v. Bank of New York as Trustee, 366 B.R. 149, 152 (D. Colo. 2007). "[E]vidence that the Note itself has been indorsed . . . in blank and that the Defendant is the holder of that Note is sufficient evidence of the Defendant's interest in the Deed of Trust." Smith, 366 B.R. at 152. "Whether or not [Cornerstone] executed any separate assignment of the Deed of Trust to the Defendant is not relevant because proof that Defendant is the holder of the Note is conclusive as to Defendant's interest in the Deed of Trust." Id.

---

[3] Although there is no transcript of the hearing in the record, the parties have not taken issue with the magistrate judge's characterization of the Patricks' testimony.

Colorado law defines a "Holder of an evidence of debt" as, among other things, "[t]he person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank." § 38-38-100.3(10)(c). The Note here was endorsed in blank. In fact, the Note here states that "Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Furthermore, neither Cornerstone nor BNYM was . . . required to give plaintiffs notice that BNYM had purchased the Note. The Deed of Trust states that "the Note or a partial interest of the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower. . . ."

Although plaintiffs complain that there is nothing in the public records showing that BNYM holds the original Note, notes are not required to be recorded in Colorado. Only Deeds of Trust are filed, so the Note would not be in the public records. See § 38-35-109(1) (Instruments may be recorded).

R. at 1160-61 (all brackets in original) (record citations omitted).

Based on the foregoing, the magistrate judge determined that the Patricks' fraudulent misrepresentation claim failed because BNYM held the original Note. The magistrate judge next concluded that the FDCPA claim against BNYM and Mr. Ventrello failed because neither of them was a debt collector within the meaning of the FDCPA. The magistrate judge further determined that although Medved was acting as a debt collector when it attempted to collect on the loan and initiated foreclosure proceedings on behalf of BNYM, the FDCPA claim failed because it was premised on the Patricks' baseless allegation that there had been misrepresentations about whether BNYM held the original Note.

Turning to the civil conspiracy claim, the magistrate judge concluded that the defendants had not acted unlawfully during the foreclosure, as required for a

conspiracy claim under Colorado law. The court explained that Mr. Patrick had admitted he failed to make payments on the note, BNYM held the original Note, Medved represented BNYM, and Mr. Ventrello was merely acting in his role as Public Trustee. Finally, the magistrate judge determined that there was no violation of the § 362(a) automatic stay in the Patricks' bankruptcy case when the Assignment was recorded in Delta County in July 2010 because the Assignment did not create, perfect, or enforce a lien against the property that arose before the commencement of the bankruptcy case, as prohibited by § 362(a)(5).

The Patricks filed objections to the R&R, but the district judge overruled them, adopted the R&R, granted all three converted motions to dismiss, and entered judgment against the Patricks. This appeal followed.

## II.   DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (alteration and internal quotation marks omitted). A "grant of summary judgment must be affirmed 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e consider the evidence in the light most favorable to the non-moving party," but "unsupported conclusory allegations do not create a genuine issue of fact." *Id.*

- 8 -

(brackets and internal quotation marks omitted). [4] "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Because the Patricks are pro se, their filings are entitled to a liberal construction, but we do not act as their advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The Patricks raise three issues on appeal. First, they contend that the district court violated their Seventh Amendment right to a jury trial. However, "[t]he Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). As discussed below, the entry of summary judgment in favor of the defendants was proper.

Before turning to the other two issues, we pause to observe that the Patricks have not advanced any argument in their opening brief regarding the district court's disposition of the tort claims against Mr. Ventrello, the FDCPA claim against BNYM or Mr. Ventrello, or the § 362(a) claim. The Patricks therefore have forfeited appellate consideration of the district court's entry of judgment as to those claims. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining that "the

---

[4] In their briefs, the Patricks recite the standard of review applicable to a dismissal for failure to state a claim upon which relief can be granted. *See* Aplts. Opening Br. at 9, 10. However, the district court converted defendants' motions to dismiss to motions for summary judgment and granted those motions. Thus, we apply the standard of review applicable to the grant of summary judgment.

omission of an issue in an opening brief generally forfeits appellate consideration of that issue"). The Patricks' remaining arguments concerning the Note implicate only their fraudulent misrepresentation and conspiracy claims against BNYM and Medved and their FDCPA claim against Medved.

We now turn to their two remaining issues, which are related. The Patricks first claim the district court erred in not giving any consideration to an affidavit prepared by Javier Taboas, whom the Patricks claim is an expert on foreclosure litigation. According to the Patricks, Mr. Taboas's affidavit shows that the documents at issue "were altered, manufactured and retrofitted to create an illusion of tracking and ownership." Aplts. Opening Br. at 8. Although the Patricks never disclosed or qualified Mr. Taboas as an expert witness, the magistrate judge admitted his affidavit as an exhibit at the February 15, 2012 hearing without objection.

In his R&R, the magistrate judge stated that he considered all the evidence, but he did not specifically discuss the affidavit. However, it is clear from the affidavit that Mr. Taboas's document review and his proffered opinions regarding the chain of ownership of the Deed of Trust and the Note did not include an examination of the original Note. To the contrary, he specifically stated that "[d]ue to the history of the Borrowers' loan, I believe that nothing short of producing the original note with the proper endorsements will suffice to accurately clarify ownership of note and proper legal standing." R. at 1113-14. But that is what occurred in this case. Mr. Taboas's affidavit does not demonstrate any genuine issues of material fact precluding

- 10 -

summary judgment on the Patricks' fraudulent misrepresentation and conspiracy claims against BNYM and Medved or their FDCPA claim against Medved.

Next, the Patricks identify two documents purporting to be true and correct copies of the original Note but which differ in several respects from the Note presented at the hearing. They argue that these differences call into question whether BNYM held the original Note in 2010. These differences include the number "15399" handwritten on the first page of the first copy (the purported original does not), the omission of the Patricks' Social Security numbers on the first copy (they are present on the second copy and the purported original), and the lack of any executed indorsements on either copy (again, the purported original Note contained three executed indorsements).

Although the Patricks claim that the first copy "purports on each page that, **as of March 15, 2010,** it is 'Certified to be a true and correct copy of the original,'" Aplts. Opening Br. at 4, we ascertain no such date on any of the pages. March 15, 2010, is the date on which BNYM, through Medved, filed its Rule 120 proceeding in Delta County, so it appears the Patricks are contending that this copy was submitted as part of that proceeding. The Patricks claim that BNYM submitted the second copy in the Patricks' bankruptcy proceeding on August 6, 2010. The Patricks also remind us that Cornerstone executed the Assignment of Deed of Trust to BNYM on June 24, 2010, and argue that this indicates BNYM obtained the Note directly from Cornerstone at that time even though the Note had long before been transferred to the

CWALT Trust. Based on these alleged irregularities, the Patricks question how BNYM could "purport to hold an original Note with no endorsements" on March 15, 2010, "and then **2 years and 5 months later**[5] purport to hold the same original Note now containing 3 additional separate endorsements, none of which are to BNY[M.]" *Id.* at 6.

We reject the Patricks' attempt to question whether BNYM held the Note in 2010 because they did not properly raise this theory in the district court. Our review of the record indicates that, despite Medved's attaching a copy of the indorsed Note to its motion to dismiss in August 2011, the Patricks did not present their copies of the Note or their argument regarding the indorsements until they filed their objections to the magistrate judge's R&R in March 2012. In their response to Medved's motion to dismiss, the Patricks did not argue that the indorsements were manufactured. Instead, they argued that BNYM was no more than a trustee for others who may or may not have held the original Note. R. at 105.

Also, in their response to BNYM's motion to dismiss, they argued that the Assignment was falsified because it was executed in June 2010, which was long after the Note was placed in the CWALT Trust and several months after BNYM initiated the foreclosure proceedings. *Id.* at 282-83.[6] They further argued that securitization

---

5    The record reflects that the original Note with indorsements was actually presented to the district court in February 2012, just under two years later.

6    They made a similar argument in response to Mr. Ventrello's motion to dismiss. *See* R. at 572.

of the Note into the CWALT Trust meant that the Note was owned by the trust's certificate holders, not BNYM. *Id.* at 285. And although they contended generally in their responses that BNYM did not have an interest in the Note, *see, e.g.*, *id.* at 105, 282, they never presented their theory regarding the lack of indorsements on the copies of the Note, or the other differences between their copies and the purported original, at any time during the district court proceedings until they filed their objections to the R&R. The district judge made no mention of them in his order adopting the R&R.

This is problematic because "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Furthermore, the district judge was under no obligation to consider the belatedly proffered evidence. *See* 28 U.S.C. § 636(b)(1) (district "judge *may* . . . receive further evidence" when reviewing magistrate judge's recommended disposition) (emphasis added); Fed. R. Civ. P. 72(b)(3) (same). Accordingly, we do not address the Patricks' third issue other than to observe, as did the magistrate judge, that any deficiency in the Assignment is immaterial because the beneficial interest in a deed of trust follows the note; assignment of a deed of trust is not required. *See Columbus Invs. v. Lewis*, 48 P.3d 1222, 1226 & n.4 (Colo. 2002) (explaining that "[t]he transfer or assignment of a negotiable promissory note carries with it, as an incident, the deed of trust or mortgage upon real estate or chattels that secure[s] its payment"; "[i]t is unnecessary to have any separate document purporting

- 13 -

to transfer or assign the mortgage on the real estate, for it will follow the obligation automatically" (quotation omitted)).

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge